### THOMPSON et al. v. HURSEY.

#### No. 13241.

Court of Civil Appeals of Texas. Dallas.

Dec. 4, 1942.

Rehearing Denied Jan. 8, 1943.

Jack Palmer, G. Ray Lee, and Thos. B. Ridgell, all of Dallas, for appellants.

Ellis P. House and Ellis P. House, Jr., both of Dallas, for appellee.

BOND, Chief Justice.

The appellant, Virgil Allen Thompson, instituted this suit against E. S. Hursey and wife, Helen Hursey, in the nature of a bill of review to set aside a judgment of the District Court of Dallas County, Texas, wherein E. S. Hursey, on relation of himself and wife, Helen Hursey, was granted the adoption of Sherman Allen Thompson, the nine-year-old son of appellant Thompson and appellee Helen Hursey; the name of the minor changed to Sherman

LaFayette Hursey, and all rights and privileges provided by the adoption statutes of this State, Art. 42 et seq., Vernon's Ann. Civ.St. awarded to said minor. The judgment in no way affects the status of Mrs. Hursey in the care, custody and control of the minor which was awarded to her in a prior divorce suit between herself and her former husband, V. A. Thompson (appellant).

Appellant Thompson contended in the court below, and asserts here, that the judgment of adoption was obtained on representation of E. S. Hursey and Helen Hursey that he was dead, when in fact and in truth, he was a resident citizen of the State of California, his postoffice address being well known to both E. S. and Helen Hursey; and that the defendant E. S. Hursey and Helen Hursey caused the judgment to be entered without advising him, or securing citation to be issued and served, for the avowed purpose of conferring jurisdiction on the court and to deprive plaintiff of his day in court, of his parental love and affection of his son and the right to have the son bear his name. Thompson further alleged that E. S. Hursey has not and never had any love or parental affections for the adopted son; that he has renounced the adoption, and that, on account of the charges of bad moral character made against E. S. Hursey by his wife Helen Hursey, in suits filed by her for divorce in the district courts of Dallas County, E. S. Hursey is not a fit person to have the care, custody and control, or the association, of plaintiff's child, and is unworthy to have the child bear his name. Thus he seeks to have the judgment set aside and the adopter forever discharged on account thereof.

The defendant E. S. Hursey, severing from his co-defendant Helen Hursey, in answer to plaintiff's petition, admits the fraud alleged by plaintiff to have been perpetrated upon the court in entering the judgment of adoption, in that, he alleged and gave false evidence in the trial of the cause that V. A. Thompson was deceased, and that it was for the best interest of the minor that he be adopted and his name changed from Sherman Allen Thompson to Sherman LaFayette Hursey; and expressly joined the plaintiff in his prayer for the relief he sought, and, in the alternative, affirmatively sought relief in his own behalf, that the judgment of adoption be set aside and that he be fully discharged.

The defendant Helen Hursey filed separate answer, joined issue with both the plaintiff and her husband; pleaded numerous exceptions, pleas of estoppel, and specially denied the fraud alleged by plaintiff and admitted by her husband E. S. Hursey. In her petition she specially alleged, "That she is the natural mother of said child, Sherman LaFayette Hursey, and has in no manner or way released her parental rights in and to and over said child, and has never consented to its adoption by anyone to her exclusion; and that both she and the defendant E. S. Hursey and the proponent all knew that she did not and was not to surrender her parental control over said minor child, Sherman LaFayette Hursey." Her petition is quite prolix and it will serve no purpose here to relate it in detail. She seeks against her former husband, V. A. Thompson, that his petition be in all things refused and denied; that the plea of the defendant E. S. Hursey be in all things denied, and that "this Court enter judgment for this defendant against the said V. A. Thompson while he is now within the jurisdiction of this Court for a sum of Four Dollars ($4) a week from and after August 1st, 1934, until the final termination of this cause, with 6% thereon annually after each installment is due until paid. And further, if this Court has the power, to enter an order against said proponent V. A. Thompson directing him to pay into the registry of this Court such sum as the Court feels that should be paid by said proponent each month for the support and education of said child; that the Court in doing so take into consideration the amount that the Honorable 44th Judicial District Court has directed the defendant E. S. Hursey to pay into the registry of the court for the support of said child and to first see that the proper amount is paid for the support of said child and then equalize that amount as in the judgment of the court may deem best and proper if both are paying to the support of said child."; and in her prayer against her present husband, E. S. Hursey, the defendant Helen Hursey asked, "that this Honorable Court make such provisions as in its judgment may deem best and proper for the support, education and a home for said child and that it impound the rents and revenues from defendant E. S. Hursey's properties to enforce said payment and provide that allowance in such terms and language as will furnish and provide for this minor child Sherman

Hursey a suitable home in which to live until he is sixteen (16) years old."

To all of defendant Helen Hursey's pleadings, the plaintiff and the defendant E. S. Hursey excepted, on the ground that she was the wife of E. S. Hursey; that she had no interest, as revealed by her petition, in the subject matter of the suit; that the judgment sought to be set aside is in favor of her husband, E. S. Hursey; that the minor was adopted by the terms of the judgment by E. S. Hursey; that the name of said minor was changed to that of Hursey, and that the setting aside of the judgment will not in any manner affect Helen Hursey's rights or interest in the minor, and no property rights of hers are involved in the suit. Therefore, Helen Hursey is not a proper or necessary party to the litigation; the setting aside of the adoption judgment will not affect her and any rights she may have in and to said minor.

On trial to the court, without a jury, all pleas of exceptions, demurrers and abatements urged by all parties were severally overruled, and judgment rendered denying to plaintiff V. A. Thompson and to defendant E. S. Hursey the right to have the judgment of adoption set aside and the name of the minor restored to Sherman Allen Thompson; and entered judgment "that the relief prayed for by Mrs. Helen Hursey against plaintiff Dr. V. A. Thompson, and E. S. Hursey, be in all things sustained except her petition for debt against plaintiff, Dr. V. A. Thompson, which is denied." The plaintiff and the defendant E. S. Hursey appealed, designated here as appellants, and the defendant Helen Hursey as appellee.

■ The record reveals that at the time this suit was filed and judgment entered, the defendant Helen Hursey was the wife of the defendant E. S. Hursey, that she was not an aggrieved party to the suit against her husband, or the cross-action of her husband against Thompson. Helen Hursey is a party litigant without the joinder of her husband, and without alleging that her husband declined or refused to join her in the suit, or that he was laboring under disabilities to justify her entry into the litigation. Evidently the suit is not one directed against any rights or property of Helen Hursey. The judgment of adoption ran in the name of E. S. Hursey; thus the wife has no interest in the ultimate outcome of this litigation

to set the judgment aside; a judgment in this suit could not affect her, or the decree of divorce between her and Thompson, as to the custody, care and control of the minor child. She was not a proper or necessary party; therefore, the trial court erred in overruling appellants' plea to dismiss her petition; she has no cause of action against either her former husband Thompson or her present husband E. S. Hursey. Accordingly, we will not further consider the appeal as relates to appellee.

■ It is a settled rule, where defendant admits the facts alleged in plaintiff's petition, a judgment may be entered, based exclusively upon the pleadings. In such case, the pleadings will be construed most strongly against the party who has filed them; and, in considering the evidence for the purpose of rendering judgment, the rule is as liberal as in ruling upon a general demurrer. What has been expressly admitted by a pleader must be regarded as true for purposes of the case, and as effective in favor of the pleader's adversary, without introduction of evidence. So, where the answer of the defendant, as in this case, concedes that plaintiff is entitled to the relief sought, the plaintiff is entitled to recover, without proof. It is evident that the judgment of adoption and change of name of the minor child back to that of his father, is the subject of the litigation, and where both plaintiff and the defendant E. S. Hursey expressly allege that the adoption of the minor by E. S. Hursey and the change of name from Sherman Allen Thompson (his father's name) to Sherman LaFayette Hursey (adopter's name) is not for the best interest and welfare of the minor, and that the judgment should be set aside, such must be accepted by both the trial and appellate courts as being the facts. Therefore, the judgment of the court below is reversed and here rendered in favor of the appellants, annulling in toto the judgment of adoption, and all rights and privileges therein granted to the minor are set aside and his name restored to Sherman Allen Thompson. Helen Hursey not being a proper party to the suit, all cost is taxed equally against the appellants.

Reversed and rendered.

On Motion for Rehearing.

The judgment sought to be set aside and annulled in these proceedings was entered

in the court below, in favor of Eugene S. Hursey. Helen Hursey, mother of the adopted child, appeared in such adoption proceedings only in giving her consent for the judgment to be entered; otherwise, she was not a party to the suit. Her parental care, custody and control of the minor child, awarded in a former divorce suit against her husband V. A. Thompson, was not affected by the adoption; and likewise, in this suit, her rights in and to said minor are not involved. The minor child was, of course, the subject of adoption and change of name, but that nowise implies that he was a party litigant or a necessary party to the proceedings, as to make him or his mother a necessary party to this suit. He was not, in the sense of a litigant, a party to the adoption proceedings and is not a party here; neither was the mother a party to the judgment sought to be set aside; and in her petition, she alleges no cause of action running in her name either against her former husband, V. A. Thompson, or her present husband, Eugene S. Hursey; neither does she defend any cause of action brought against herself.

Manifestly, appellant V. A. Thompson instituted this suit to set aside the judgment running in the name of Eugene S. Hursey, in which Thompson's minor son was given in adoption to Hursey, and his name changed from Thompson to Hursey. In brief, the suit is based upon fraud, lack of notice, and that Hursey was not a fit person to be awarded the custody, care and control of Thompson's minor son. No affirmative relief, other than the setting aside of the adoption and the restoration of his child's name is sought. No cause of action is directed against appellee Helen Hursey; nor is she deprived of any property rights—no property being involved in the suit.

The defendant Eugene S. Hursey admits in pleadings that the fraud alleged was practiced in securing the judgment, that there was a lack of service or notice to the father of the pending adoption proceedings and change of name of his minor son; and discloses accusations made and filed in the courts of this state by his wife, Helen Hursey, as to his utter unfitness to have the care, custody and control of the adopted child. This defendant also sought no affirmative relief against Helen Hursey, his wife, and asserted no cause of action against Thompson to the prejudice of his wife.

In the light of the record, Helen Hursey was not a necessary or proper party to this suit, and, having failed to allege a cause of action either against her former husband or her present husband, judgment should not have been rendered in her favor.

Appellee contends, on motion for rehearing, that the plea of misjoinder of her husband in her pleadings was not called to the attention of the trial court, hence waived. We do not think so. However, be that as it may, the defendant Helen Hursey, not being a necessary or proper party to the suit to set aside the judgment in favor of Eugene S. Hursey, no property rights being involved affecting her interest, and having failed to allege any defense of her own, or an affirmative relief, to plaintiff's cause of action, is precluded from recovery.

Appellee's motion for rehearing is overruled.