HELEN HURSEY V. V. A. THOMPSON AND E. S. HURSEY.

No. 8094.  Decided July 7, 1943.
Rehearing overruled October 27, 1943.
(174 S. W., 2d Series, 317.)

*House & House* and *Ellis P. House,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that Helen Hursey was not a proper or necessary party and in holding that the trial court erred in overruling respondents' plea to dismiss her petition. Bliss v. American State Bank & Tr. Co., 90 S. W. (2d) 630; Hardcastle v. Sibley, 107 S. W. (2d) 432.

*Charlie T. Davis* and *Jack Palmer*, of Dallas, for V. A. Thompson, and *G. Ray Lee* and *T. B. Ridgell, both* of Dallas, for Eugene S. Hursey, respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an action in the nature of a bill of review. It was filed in the District Court of Dallas County, Texas, by V. A. Thompson, who resides in the State of California, against E. S. Hursey and his wife, Helen Hursey, to set aside a judgment theretofore entered by such court, wherein E. S. Hursey was granted the adoption of Sherman Allen Thompson, a boy nine years of age. Such judgment made E. S. Hursey the adoptive father of such minor. Helen Hursey was formerly the wife of V. A. Thompson, and the minor child here involved was born of such marriage. After being divorced from Thompson, Helen Hursey, then Helen Thompson, married E. S. Hursey. In the divorce proceeding between V. A. Thompson and Helen Hursey, Helen Hursey was awarded the care, custody, and control of this minor. At the time of this trial E. S. Hursey and Helen Hursey were permanently separated, and a divorce suit was pending between them.

As we understand this record, Thompson, by his original pleadings, made both E. S. Hursey and Helen Hursey defendants in this cause. Thompson later amended his pleadings and eliminated Mrs. Hursey as a party defendant. By this amended pleading Thompson sought relief only against E. S. Hursey. By such amended pleading Thompson, among other things, alleged: That E. S. Hursey alleged in his application for the adoption of this minor that the whereabouts of V. A. Thompson, the father of such minor, was unknown; that Helen Hursey, the mother of such minor, filed in such adoption proceedings a pleading wherein she consented to this judgment of adoption; that in such pleadings Helen Hursey also represented that the whereabouts of V. A. Thompson, the father of this minor, was unknown; that one Earl R. Parker, Chief Probation Officer of

Dallas County, filed in such adoption proceedings a report stating that V. A. Thompson was dead; that both E. S. Hursey and Helen Hursey knew such statements were untrue; that since said adoption a divorce suit has been instituted by Helen Hursey against E. S. Hursey; that E. S. Hursey has renounced all claim to the adoption of this minor; that E. S. Hursey is an improper person, on account of being of bad moral character and of his neglect and abuse of this minor, to be allowed to adopt him; and that V. A. Thompson loved such minor, and is the proper person to care for and support him. Thompson's pleadings contain many other allegations, not necessary to detail here.

As to the pleadings of E. S. Hursey, we quote as follows from the opinion of the Court of Civil Appeals:

"The defendant E. S. Hursey, severing from his codefendant Helen Hursey, in answer to plaintiff's petition, admits the fraud alleged by plaintiff to have been perpetrated upon the court in entering the judgment of adoption, in that, he alleged and gave false evidence in the trial of the cause that V. A. Thompson was deceased, and that it was for the best interest of the minor that he be adopted and his name changed from Sherman Allen Thompson to Sherman Lafayette Hursey; and expressly joined the plaintiff in his prayer for the relief he sought, and, in the alternative, affirmatively sought relief in his own behalf, that the judgment of adoption be set aside and that he be fully discharged."

Helen Hursey filed separate answer. In this answer she denied that any fraud was perpetrated on any person or party, or on the court, in the adoption proceedings of this minor. Helen Hursey also pleaded estoppel and want of diligence in filing this bill of review. Mrs. Hursey's pleadings in detail deny all the material allegations contained in the pleadings of both Thompson and E. S. Hursey, and call upon the court to require strict proof.

Trial was had before the court without the intervention of a jury, and judgment was entered refusing to set aside this judgment of adoption, thus leaving it in full force and effect. E. S. Hursey and Thompson appeal to the Dallas Court of Civil Appeals. On final hearing that Court reversed the judgment of the district court, and rendered judgment setting aside this judgment of adoption and annuling the same. 167 S. W. (2d) 596. Helen Hursey brings error.

As we interpret it, the opinion of the Court of Civil Appeals holds that Helen Hursey was, and is, neither a proper nor a necessary party to this suit. Such opinion then holds that since Thompson, as plaintiff, alleged against E. S. Hursey, the only proper or necessary defendant in this suit, legal grounds for setting aside this judgment of adoption, and since E. S. Hursey admitted that such allegations were true, the trial court should have entered judgment on such allegations and admissions without hearing any evidence in contravention thereof. We are not in accord with these rulings.

■ It appears from the record before us that Mrs. Helen Hursey is the mother of this minor. She was a named party to these adoption proceedings. Both the plaintiff Thompson and E. S. Hursey filed separate pleadings. Helen Hursey and E. S. Hursey were separated, and the divorce proceeding was pending. By his pleadings, E. S. Hursey refused to defend this adoption judgment; but, to the contrary, himself attacked the same. The pleadings of both Thompson and E. S. Hursey fail to name this minor as a party defendant, though he was, and is, vitally interested. Our adoption statutes, as well as the laws of nature, and the Common Law, constitute Helen Hursey, as the mother of this minor, vitally interested in this minor, and in this adoption judgment. Under such a record, we think Helen Hursey had, and has, such an interest in this litigation and in this minor as entitled her to appear and defend this adoption judgment. We think, further, that in a suit to set aside a child adoption judgment the trial court has the right, and is burdened with the duty, to see that the rights of the child are protected. Finally, we think the rights of a child under a judgment of adoption are rights that cannot be admitted away by any person or party. In a child custody suit between two parties the rights and welfare of the child are the paramount things to be considered. We think the same rule should apply to a suit to set aside an adoption judgment. The rights of the child must be carefully guarded and considered.

■ When we come to examine the record in this case, we find that it is before us without a statement of facts. The trial court filed conclusions of fact. In such conclusions it is found that V. A. Thompson gave his written consent to Mrs. Helen Hursey for E. S. Hursey to adopt this child. In such finding it is also found that V. A. Thompson has failed to use any diligence in filing this bill of review after he discovered that this adoption judgment had been entered. It is further found that no proof was offered proving, or tending to prove, that the best interest

of this child be subserved by setting aside this adoption judgment. Such findings also find that E. S. Hursey was not defrauded into adopting this minor child. Such findings further find that Mrs. Helen Hursey perpetrated no deceit, fraud, or wrong on E. S. Hursey in bringing about the adoption of this child. It is also found that E. S. Hursey had full knowledge of all the facts and surroundings entering into, causing, and procuring the adoption of this child, and that he assembled and presented all the facts which induced the court to enter this judgment of adoption. The findings of fact filed by the trial court contain many other fact findings, which we will not set out, but all favorable to this judgment of adoption. There being no statement of facts, we must give verity to such findings. We must further indulge the presumption that the evidence in this case in the trial court supports the judgment of such court.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered July 7, 1943.

Rehearing overruled October 27, 1943.