### SMITH v. CURTIS et ux.

### No. 14103.

Court of Civil Appeals of Texas. Dallas.

Sept. 30, 1949.

King S. Williamson and W. H. Hall, both of Dallas, for appellant.

Mike McKool, Dallas, for appellees.

CRAMER, Justice.

This is an appeal from a judgment denying appellant's petition for bill of review to set aside a former judgment granting appellees the right to adopt the child of appellant. The original judgment granting the adoption was entered May 3, 1948; this bill of review was filed September 15, 1948. Appellant complains, first, that the trial court erred in not holding the original judgment of adoption void for the reason that the cause was set for hearing, in the order entered as required in sec. 4, Art. 46a, Vernon's Ann.Civ.St., less than 40 days after the mailing of a certified copy of the petition to the executive director of the Department of Public Welfare; that the clerk did not note the date of the mailing of the certified copy of the petition to such executive director on the court's docket, as required by sec. 1a; and the court did not hear the petition on the date fixed in such order, but heard the petition on April 3, 1948, 41 days after the mailing provided in sec. 1a. The record shows that the clerk did not note on the court's docket sheet the date of the mailing of the petition, as required by sec. 1a, Art. 46a; that the order set the cause for hearing less than 40 days from such mailing; and that the cause was not heard on the date set in the order, but was heard on May 3, 1948, which was more than 40 days from the filing of the original petition. The record shows that upon the filing of the petition the judge ordered the investigation required by sec. 2, Art. 46a, and that Sam Davis, Chief Juvenile Officer of Dallas County, Texas, who was appointed to make such investigation, made a full and favorable report recommending the adoption, which report was on file on the date of the hearing on May 3.

We are of the opinion that the trial court acquired jurisdiction of the cause by the filing of the petition and by the consent of the child's mother. The consent of the acknowledged father of the child was also filed, but his consent was not required, the child having been born out of wedlock. Sec. 6, Art. 46a, Vernon's Ann.Civ.St.

Under these facts, the only question in these assignments is whether the irregularities in the matters set out above, were under sec. 4, jurisdictional; without which a valid judgment could not be entered.

It will be noted that the sections of the adoption statute which are material to a passing upon the questions here, merely order that certain formalities be observed by the judge and clerk; but there are other sections in the statute which set out that the adoption cannot be consummated unless complied with. The other sections which make compliance a prerequisite to adoption are: "Section 1. * * * *But no such petition* made by a married person *shall be granted* unless the husband and wife shall join therein, excepting when such petitioner shall be married to the natural father or mother, then such joinder by such father or mother shall be unnecessary." (Emphasis ours.) Sec. 3 provides that : *"No petition for the adoption* of any minor child *shall be granted* until the child shall have lived for six months in the home of the petitioner; provided, * * * *."* And sec. 6 which provides: *"Except as otherwise amended in this Section, no adoption shall be permitted except* with the written consent of the living parents of a child; provided, however, * * * *."* (Emphasis ours.)

In construing the statute from its four corners, it is our duty to arrive at the legislative intent. In the use of the word "shall" in connection with the procedural matters (not complied with here), when considered in connection with the other provisions without which the adoption could not be granted, we are of the opinion that "shall" was not used by the Legislature in the procedure to be followed, as a mandatory requirement, but was merely directory. In the case of Hess & Skinner Engineering Co. v. Turney et al., 109 Tex. 208, 203 S.W.

593, 594, Chief Justice Phillips of our Supreme Court stated: "The intent of a law is the essence of the law, and it is to be gained from the entire context. The words 'may' and 'shall' are not infrequently used interchangeably in legislative acts. They are to be given that meaning which will best express the legislative intent. In instances of the employment of the term 'shall' where no right or benefit depends upon its imperative use, it may be held as merely directory and as having been used in the sense of 'may.'" In considering legislative intent, we have concluded that the matters here complained of do not affect the jurisdiction of the court, or its right to proceed with the trial of the case, but are directory only, since the Legislature specifically set out those matters which should be present before a judgment of adoption could be rendered. Having provided specifically the things necessary before a judgment could be entered, the legislature, by implication, excluded as mandatory the procedural matters involved here.

It will be noted, also, that no appeal was taken from the original judgment and that this attack is by bill of review; and that in this attack by bill of review it is necessary to show injury and prejudice to appellant by the omission by the clerk to make the notation on the docket and a mistake by the court in the order setting the cause for hearing, and the hearing at the time it was actually heard by the court.

Since the adoption judgment is not void, and there is no showing in this bill of review proceeding of any injury or prejudice to appellant, by reason of the defects in the procedure complained of, assignments 1, 2 and 3 are overruled.

Assignments numbered 4, 5 and 6 complain of the trial court's finding to the effect that the written consent of appellant was not procured by force, false accusations, duress, fraud, threats, coercion, intimidation, either or all, by appellees toward appellant; and assert that such findings are without support in, and against the greater weight of, the credible testimony.

■ On these issues the evidence is conflicting and we have reviewed it fully; and, without repeating it here, have reached the conclusion that the trial court did not abuse her discretion in the findings made by her, nor can we say that such findings are against, or contrary to, the great weight of credible testimony. The trial judge heard the witnesses and was in better position then, than we are now from the written record, to judge as to the credibility of the witnesses and the weight to be given their testimony. Assignments 4, 5, and 6 are overruled.

■ The appellant next assigns error in the court's finding of fact that the certified copy required by sec. 1a, Art. 46a, was mailed. A deputy district clerk testified that she mailed the certified copy of the petition in this cause to the executive director, and that same is shown to have been done in a book kept at her desk, which book was introduced in evidence. The notation therein shows that the copy was mailed. There being testimony to sustain the court's finding, the assignment is overruled.

■ Appellant's last assignment complains of the court's excluding a statement made by her, and out of the presence of appellees, to a Mrs. Esther McMurray, on March 19, 1948, shortly after the consent to the adoption was signed. The adoption judgment was not entered until May 3, 1948, 44 days later. The appellant could have repudiated her consent any time up until May 3, 1948, but the record shows no effort on her part to do so. Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666 (Syl. 2), and cases there cited. This bill of review was not filed until September 15, 1948. The assignment must be overruled, first, because it was not a part of res gestae and, second, the action of the court would be harmless if it was.

■ The trial court in her findings of fact and conclusions of law found that "Jimmie Lee Smith is not a proper person to have the custody of Elizabeth Ann Marcee" and "It is for the best interest of Elizabeth Ann Marcee that she remain in the custody of Mr. and Mrs. Curtis and they are suitable persons to adopt Elizabeth Ann Marcee." These conclusions have ample support in the evidence.

In this bill of review it was a fact issue properly before the court as to the best interest of the child. As said by our Supreme Court in Hursey v. Thompson and Hursey, 141 Tex. 519, 174 S.W.2d 317, 319: " * * * We think, further, that in a suit to set aside a child adoption judgment the trial court has the right, and is burdened with the duty, to see that the rights of the child are protected. * * * The rights of the child must be carefully guarded and considered." See also Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666, ref. n. r. e., and Stanford v. Stanford, Tex.Civ.App., 201 S.W.2d 63, ref. n. r. e. Finding no reversible error in the judgment, it is affirmed.

Affirmed.