SECURITY STORAGE & VAN COMPANY,
Inc., Appellant,

v.

GENERAL INSURANCE COMPANY OF
AMERICA, Appellee.

No. 13189.

Court of Civil Appeals of Texas.

Houston.

Feb. 13, 1958.

Rehearing Denied March 13, 1958.

Sidney Wright, Houston, for appellant.

Geo. Red, Pat N. Fahey, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, General Insurance Company of America, as subrogee, in the County Court at Law of Harris County, Texas, to recover from appellant, Security Storage & Van Company, Inc., the sum of $305.76, which it claimed it had paid to one Doyle Lee and wife under a $25 deductible insurance policy it had written protecting the Lees from loss and damage occasioned by carelessness of the appellant in transporting certain household furnishings belonging to the Lees. The trial was to the court without a jury. The trial court rendered judgment for appellee against appellant in the sum of $255.67, being the amount sued for less salvage in the sum of $50, and from such judgment appellant has perfected its appeal.

The appellant contends that prior to the payment by appellee to the Lees of the sum of $305.76, appellant had made a settlement with the Lees of their claim, and that since there had been an accord and satisfaction of such claim, the Lees could not assert any additional claim, and hence could not assign to appellee any subrogation rights. Appellant further contends that at the time appellee made the aforesaid payment to the Lees, it knew of the payment of $141.71 that had been made to them by appellant in settlement of their claim, and it had a copy of a letter which appellant had written to the Lees in connection with such payment which showed that the Lees' claim had been settled.

At the request of appellant, the court made its findings of fact and conclusions of law, which are contained in the transcript filed in this Court.

The trial court found that appellant was engaged in the business of transporting freight for hire, and that it undertook to transport safely certain household furnishings and furniture, kitchen utensils, accessories and clothing belonging to the Lees, but failed to transport said property safely and a number of items of the shipment were severely damaged and one item was lost, on account of the negligence of appellant. The court further found that appellee carried a $25 deductible policy of insurance protecting the Lees from loss and damage such as that sustained, and that after Doyle Lee had made a claim and demand for pay-

ment of such damage and loss, appellee, on September 20, 1956, did pay Lee the sum of $330.76, less $25 deducted therefrom as provided in said policy and less the salvage value of a damaged couch. The court also found that the Lees had assigned their rights against appellant to appellee with the right in appellee, as subrogee, to sue the appellant. The court further found that appellant sent to the Lees two checks, one for $75 and one for $66.71, accompanied by a letter in which it was stated in substance that by said two checks together with what the Lees would be paid by their insurance company, their total damages would be paid. The court found that appellant had knowledge that appellee was Lee's insurer and that upon the payment of its obligation to the Lees it would be subrogated to the rights of the Lees against the appellant.

Appellant contends that the amounts that it paid to the Lees, a total of $141.71, together with the amount of $90 that appellee was to pay, according to said letter which appellant had written to the Lees, settled the Lees' claim in full. In its findings of fact, the court found contrary to appellant's contention in that it found that appellee's policy did not cover all the damage to the Lees' property caused by appellant and that appellant knew when it sent the checks and the letter in question that said checks did not pay for all the damage and that the cashing of said checks would not constitute full payment for such damage, and said checks were not intended to pay said damage in full, but only the part of the damages not covered by appellee's policy, and that appellee had an obligation to pay for the damages covered by its policy.

The Court made the following conclusions of law:

"I conclude that the checks sent by defendant to the Lees coupled with the statement contained in the letter of defendant dated August 29, 1956, and the cashing of said checks under the facts above found did not constitute a full settlement of the Lees' claim for their damages and did not constitute a general or full release of defendant and that said transaction to which plaintiff was not a party did not affect plaintiff's right of subrogation. I conclude further that plaintiff having paid to the Lees the damage covered by its policy plaintiff was subrogated to the rights of the Lees against defendant to the extent of such payment. I further conclude that plaintiff was and is entitled to recover against defendant the amount of the damage covered by its policy less the Twenty-five Dollar ($25.00) deductible and the salvage of Fifty Dollars ($50.00), being Two Hundred Fifty-five & 67/100 Dollars ($255.67) for which judgment has been rendered."

Appellant excepted to the findings of fact and conclusions of law filed by the court and requested certain additional findings of fact, most of which the court denied. The court did find at the request of appellant that on August 4, 1956, Mrs. Doyle Lee filed a written itemized claim with appellant for damages in connection with the claim in question and that such claim was prepared by one Tom Skiles, an agent and representative of appellee, and that a copy of the letter of August 29, 1956, was transmitted to said Tom Skiles and was received by him in due course, and that the two checks paid by appellant to the Lees were cashed by them.

 We are in accord with appellant's contention that where a settlement of an insured's claim for damages is effected between the insured and the defendant prior to payment by the insurer to the insured, a subsequent payment by the insurer to its insured with knowledge of such fact does not give rise to a cause of action in favor of the insurer as subrogee against the defendant. In the instant case, however, the court expressly found that there was no complete settlement between the insured and appellant. It further found that the checks paid by appellant to the insured, the

Lees, did not pay all the damages to the Lees' properties and that the cashing of the checks did not constitute full payment for such damages and were not intended to pay said damages in full *but only the part of the damages not covered by appellee's policy,* and that appellee had an obligation to pay all damages covered by its policy. Under these findings, it is quite evident that there is no merit in appellant's contention that there was a final settlement and an accord and satisfaction between appellant and the Lees prior to the time appellee paid the amount the Lees claimed under their policy.

■ Since there is no statement of facts in this Court, we must assume that the trial court's refusal to adopt additional findings requested by the appellant was justified, and we must also presume that there was evidence to support the findings of fact of the trial court and the court's judgment. See Parker v. El Paso County Water Improvement District, 116 Tex. 631, 297 S.W. 737, 743, in which Chief Justice Cureton stated:

"Since there is no statement of facts in the record, we must assume that the finding of the court is justified by the facts, and that the facts authorized no further finding as to the use of the channel of the river for the purposes stated, or as to the confusion of waters, if any, thereby brought about."

In the case of Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79, 82, the Supreme Court said: "There being no statement of facts in the record, we must presume there was evidence to support the findings of fact and the court's judgment." The court cited numerous authorities in support of such proposition. See Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. See also Hursey v. Thompson, 141 Tex. 519, 174 S.W.2d 317, 319, in which the court through Justice Critz stated:

"The findings of fact filed by the trial court contain many other fact findings, which we will not set out, but all favorable to this judgment of adoption. There being no statement of facts, we must give verity to such findings. We must further indulge the presumption that the evidence in this case in the trial court supports the judgment of such court."

■ Appellant has filed in this Court some seven exhibits, which were filed in the trial court. Appellee has filed a motion asking that such exhibits be stricken from this Court's files. Since there is no statement of facts, we are unable to determine what evidence was introduced in connection with such exhibits, in the light of which they would have to be construed, nor can we say what weight or credibility should be given them. Therefore, appellee's motion is granted. See McFadden v. McFadden, Tex.Civ.App., 213 S.W.2d 71, 76, in which the Amarillo Court of Civil Appeals, in speaking of Rule 379, Texas Rules of Civil Procedure, stated:

"The rule does not dispense with the necessity of including such documents in the statement of facts, especially when they are capable of exact reproduction. The purpose of the rule is to make available to the appellate court such documents as might show evidence of spoilation, erasures or be mutilated, interlined or found to be in such condition as that their correct interpretation is questionable. In such event the rule permits them to be sent up with the record but only when the trial court is of the opinion that, for some reason, the appellate court should scrutinize them in connection with the testimony."

The trial court's judgment is affirmed.