R. K. HOWELL et al., Appellants,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW BRAUN-FELS, Appellee.

No. 14278.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 16, 1964.

Rehearing Denied Oct. 28, 1964.

Pat Maloney, San Antonio, for appellants.

Schleyer, Bartram, Reagan & Burrus, New Braunfels, for appellee.

MURRAY, Chief Justice.

This suit was instituted by First Federal Savings and Loan Association of New Braunfels, a corporation, against R. K. Howell and wife, Lucille Howell, Irving L. Bates and wife, Marjorie Bates, John H. Jessop, Jr., and wife, Mary Scheib Jessop, seeking to recover the amount of principal, interest and attorney's fees provided for in a certain deed of trust note in the principal sum of $11,000.00, and for foreclosure of a deed of trust lien against a certain tract of land in Wilson County, Texas, a part of the S. & J. Arocha Grant, lying within the corporate limits of the City of Floresville, being known as all of Lots Nos. 3 and 4, and parts of Lots Nos. 5 and 6, in Block No. 15, of the City of Floresville. Judgment was rendered in favor of plaintiff, as prayed for, against all of the defendants. Defendants Howell and Jessop have not appealed, and the judgment rendered against them is affirmed.

The defendants Bates answered by a general denial, alleging that in taking title to the land Irving L. Bates, Esq. acted only as an agent for his clients, the Howells; that Marjorie Bates incurred no personal liability or responsibility for any act or transaction by and between plaintiff and defendants herein. The answer of defendants Bates was not verified. The trial court in its findings of facts found:

"6. On November 28, 1958, Robert E. Shepherd et al conveyed to Defendants R. K. Howell and wife, Lucille Howell, by general warranty deed recorded in Vol. 332, pages 346–8, of the Deed Records of Wilson County, Texas, the property described therein and in such deed a vendor's lien was retained for the benefit of said Plaintiff to secure the above described note, which note represented moneys advanced by Plaintiff for part of purchase price of said property.

"7. On November 28, 1958, R. K. Howell and wife, Lucille Howell, executed and delivered a deed of trust to Plaintiff covering the above mentioned property as additional security for the payment of said note and which deed of trust is recorded in Vol. 329, pages 582–4, Deed of Trust Records of Wilson County, Texas.

"8. On September 13, 1960, R. K. Howell and wife, Lucille Howell, con-

veyed the property above mentioned to Irving L. Bates and wife, Marjorie Bates, by general warranty deed recorded in Vol. 344, pages 507–8, Deed Records of Wilson County, Texas.

"9. As part of the consideration for the conveyance described in fact finding immediately above, the Defendants Irving L. Bates and wife, Marjorie Bates, agreed to assume the indebtedness evidenced by the aforesaid note.

\* \* \* \* \* \*

"12. At a pre-trial conference of this case on April 8, 1963, with the Court, Irving L. Bates, as attorney for himself and Marjorie Bates and S. T. Burrus, attorney for Plaintiff, in attendance, the said Irving L. Bates agreed that there was no fact question concerning the execution and delivery of all the instruments above described."

Appellants did not bring up a statement of facts nor did they dispute any of the findings of fact made by the trial court.

On March 11, 1963, Irving L. Bates and wife made a demand for a jury, and paid a jury fee of Five Dollars. When the case was called for trial on October 22, 1963, with a jury panel present, none of the defendants appeared, after due notice of the setting of the case for trial. The trial court dismissed the jury panel and after hearing evidence rendered judgment in favor of plaintiff against all defendants for the amount of principal, interest and attorney's fees due on the note sued on, together with foreclosure of the deed of trust lien against the property above described.

Irving L. Bates and his wife, Marjorie Bates, alone have prosecuted this appeal. Appellants made but one point, as follows:

"The Judgment of the Trial Court should be reversed because the Trial Court was without authority to enter a judgment, since Appellants having made a seasonable and legal demand for a jury and paid the jury fee to the

proper officer, their right to trial by jury became fixed and inviolate."

We overrule this point. Under the above condition of the pleadings, the agreed facts, and the findings of facts, the court *did not commit reversible error in dismissing the jury panel and proceeding to dispose the cause without a jury trial.*

■ Appellants having failed to bring up a statement of facts, we must presume that the evidence fully justified the findings made, and the judgment rendered by the court. Hursey v. Thompson, 141 Tex. 519, 174 S.W.2d 317; Dutchover v. Dutchover, Tex.Civ.App., 334 S.W.2d 569; 3 Tex.Jur., § 749, pp. 1–12.

■ If under the facts and the findings of facts no judgment could have been properly rendered other than the one rendered by the trial court, then if there was error of any kind in trying the case without a jury, it was harmless. Rule 434, Texas Rules of Civil Procedure; Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289; Clark v. Jones, Tex.Civ.App., 164 S.W.2d 62; Dallas Joint Stock Land Bank v. State ex rel. Cobb, 133 S.W.2d 827, aff. 135 Tex. 25, 137 S.W.2d 993.

■ Appellants' unverified pleadings herein were either in the nature of a plea of non est factum or an attempt to vary the terms of a written contract by parol evidence, and under such circumstances the trial court was justified in assuming that there would be no fact issues to be passed upon by a jury. This is especially true in view of the fact that defendants failed to appear at the time the case had been previously set for trial.

■■ An unverified plea of non est factum raises no issue as to the execution of a written instrument. Rule 93, T.R.C.P. Toliver v. Bergmann, Tex.Civ.App., 297 S.W.2d 208; Prudential Petroleum Corp. v. Rauscher, Pierce & Co., Tex.Civ.App., 281 S.W. 2d 457; Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160; Gulf C. & S. R. Co. v:

Wilson, 7 Tex.Civ.App. 128, 26 S.W. 131. The provisions of a written instrument cannot ordinarily be disputed or varied by parol. Vansickle v. Watson, 103 Tex. 37, 123 S.W. 112; Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493; Renfrow v. Lineberry, Tex.Civ.App., 271 S.W.2d 440; Waggoner v. Magnolia Petroleum Co., Tex.Civ.App., 252 S.W. 865; Phoenix Mutual Life Ins. Co. v. Brenfield, Tex.Civ.App., 101 S.W.2d 1025.

There is nothing in this record to show that the trial court committed reversible error in anticipating that no fact issues would be raised to be submitted to a jury.

The judgment is affirmed.