Frank EDDIE, Appellant,

v.

Henry C. LADWIG, Appellee.

No. 4132.

Court of Civil Appeals of Texas.

Eastland.

Feb. 24, 1967.

John H. Whitaker, El Paso, for appellant.

William L. Merkin, El Paso, for appellee.

COLLINGS, Justice.

On an appeal from the Justice Court, Precinct No. 1 of El Paso County, Henry C. Ladwig recovered judgment in the County Court at Law against Frank Eddie, doing business as El Paso Auto Exchange. The judgment in the sum of $46.50 was for storage charges and steam cleaning. Frank Eddie has appealed.

The pleadings indicate that this suit arose out of a series of transactions in which appellant would take automobiles to appellee's place of business to have the engines steam cleaned. It is undisputed that the charge for cleaning an engine was $3.00. Appellant had brought three automobiles to appellee to have the engines steam cleaned and after the cleaning was done only two of the vehicles were picked up by appellant although the cleaning of the third engine was fully completed. The following is the substance of the findings of fact and conclusions of law made and filed by the court:

1. That said automobile was held by Defendant and Cross-Plaintiff LADWIG for one hundred and five (105) days prior to the filing of the suit.

2. That thirty (30) days is a reasonable time for which no storage would be charged by Defendant LADWIG.

3. That storage should be charged for the period beyond thirty (30) days, at the rate of 50¢ per day, which the Court feels is fair, reasonable, and usual in El Paso County, Texas for like storage services.

4. That Plaintiff EL PASO AUTO EXCHANGE owes $3.00 per Automobile for steam cleaning the motors of Plaintiff's three automobiles, and that said charge is reasonable, usual and customary in El Paso County, Texas for like services.

5. That no express written contract was entered into by the parties, and that they had no agreement for storage of automobiles prior to the instance in question.

6. That after thirty (30) days an implied contract arose for the reasonable cost of storage.

7. That Defendant LADWIG was not in the storage business.

8. That Plaintiff EL PASO AUTO EXCHANGE had left other vehicles with Defendant LADWIG at his place of business for as long as two weeks without charging for storage.

9. That nothing was mentioned as to storage charges between the parties at any time, except in a letter written by Defendant to Plaintiff, wherein he states normal charges would be made for storage.

10. That Defendant LADWIG was not holding said vehicles in question as security for the debt on the repairs.

11. That defendant LADWIG did refuse to accept $9.00 tendered to him by Plaintiff.

### CONCLUSIONS OF LAW

The Court finds that an implied contract arose by Plaintiff EL PASO AUTO EXCHANGE'S action in leaving said automobile on the Defendant LADWIG'S premises for more than thirty (30) days, even though no express agreement was entered into between the parties.

 As above indicated, the court found that the automobile in question was kept by appellee 105 days prior to the filing of this suit and that after 30 days an implied contract arose for the reasonable cost of storage thereon. We must presume that these findings had support in the evidence. No statement of facts has been filed and in this state of the record we must presume that evidence fully justifies the findings made and the judgment rendered. Hursey v. Thompson, 141 Tex. 519, 174 S.W.2d 317 (1943); Howell v. First Federal Savings and Loan Association of New Braunfels, 383 S.W.2d 484, (Ct.Civ.App.1964, ref. n.r.e.).

 We overrule appellant's points urging that the court erred in finding as a matter of law that no notice of intent to charge storage and no notice that the car was ready for delivery was necessary. The court made no specific finding concerning notice that the car was ready or that appellee intended to charge storage. What the court did find was that there was an implied contract for appellant to pay the reasonable cost of storage of the automobile after 30 days. We must presume that the evidence supports such finding. Appellee was entitled to recover upon the implied contract. 61 C.J.S. Motor Vehicles §§ 725, 868; 24 A.L.R. 964.

The findings of fact support the judgment. No error is shown.

The judgment is affirmed.