Charles R. SMITH, Appellant,

v.

Sam D. MILLSAP, Jr., et al., Appellees.

No. 04–84–00434–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1985.

John M. Killian, Martha A. Castrejana, San Antonio, for appellant.

Sam A. Millsap, Jr., Alejandra Villarreal, Barry P. Hitchings, Dist. Attys., San Antonio, for appellees.

1. TEX.PENAL CODE ANN. § 31.03(d)(4)(A) was amended in 1983. Third degree felony theft is now defined as theft of property valued at $750.00 or more but less than $20,000. How-

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order denying the expunction of appellant's criminal record. TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1986).

On May 19, 1982, appellant was charged with and indicted for third degree felony theft. TEX.PENAL CODE ANN. § 31.03(d)(4) (Vernon 1974).[1] He was arrested and released on bond. The property allegedly taken was later returned. The State's motion to dismiss was subsequently granted.

Appellant filed a petition for expunction of the record in January, 1984. It was denied. The trial court made the following pertinent findings of fact and conclusions of law:

### FINDINGS OF FACT

2. On October 7, 1982, charges and indictment against Charles R. Smith were dismissed because the complainant no longer wished to prosecute the case....

### CONCLUSIONS OF LAW

1. The indictment presented against Charles R. Smith was not void.
2. The indictment ... was not dismissed because of mistake, false information or other similar reason indicating the absence of probable cause at the time of dismissal, that Charles R. Smith had committed the crime of Theft, $200–10,000.

The purpose of Article 55.01, TEX. CODE CRIM.PROC.ANN. (Vernon Supp. 1986) is to allow those persons who are wrongfully arrested to expunge their arrest records. *Texas Department of Public*

ever, the amendment does not apply to offenses committed prior to the effective date, as in this case.

*Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ); *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ). The right to expunction is available only when all the statutory conditions of the article have been met, the court having no equitable power to extend the clear meaning of the statute. *Texas Department of Public Safety v. Wiggins, supra; Texas Commission on Law Enforcement Officer Standards and Education v. Watlington,* 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). Further, a statutory expunction proceeding is civil in nature rather than criminal, with the burden of proving compliance with the statutory conditions resting solely with the petitioner. *Texas Department of Public Safety v. Wiggins, supra.*

It is undisputed that appellant satisfied the conditions of paragraphs two and three of article 55.01. In his first point of error, appellant complains the trial court's conclusion of law number two is against the great weight and preponderance of the evidence because he met the condition of paragraph one of the expunction statute. Article 55.-01 provides, in pertinent part:

A person ... arrested for ... a felony ... is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment ... charging him with ... a felony was presented, has been dismissed and the court finds it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense....

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Tex-

as Controlled Substances Act (Article 4476-15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

We find the conclusion of the trial court is not against the great weight and preponderance of the evidence. The trial judge, as finder of fact, determined the controlling facts. In doing so, he had a right to accept or reject all or any part of the witnesses' testimony. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345, 346 (1948); *Electro-Hydraulics Corp. v. Special Equipment Engineers Inc.,* 411 S.W.2d 382, 386–87 (Tex. Civ.App.—Waco 1967, writ ref'd n.r.e.). Unless the record shows to the contrary, every reasonable presumption must be indulged in favor of the finding and judgment of the trial court. *Hursey v. Thompson,* 141 Tex. 519, 174 S.W.2d 317 (1943). The findings in a nonjury case have the same presumption of conclusiveness and weight on appeal as the verdict of a jury. *Vandyke v. Austin Independent School District,* 547 S.W.2d 354, 356 (Tex.Civ.App. —Austin 1977, no writ).

In the instant case, the only evidence supporting appellant's claim (that the indictment in question was dismissed due to mistake) is his own testimony that he had turned the property over to a trustee in bankruptcy prior to the alleged theft and therefore could not be accused of theft when he had no possession or control of the property. Appellant presented no bankruptcy orders, testimony from the bankruptcy trustee nor other evidence to substantiate his claim that the property was part of that turned over to the trustee.[2]

The property, steam cleaning equipment, was recovered in Guadalupe County after bankruptcy proceedings had been filed. Although appellant, while testifying in bankruptcy court, admitted he sold the property to another person, he said at the instant trial he had not been permitted to

---

**2.** The filing of bankruptcy proceedings does not operate to stay commencement or continuation of a criminal action against the debtor. *See* 11 U.S.C., § 362(b) (1979).

explain his statement. It was his theory in the expunction hearing that someone other than himself had caused the property to be moved to Seguin after he turned all of his property, including this property, over to a bankruptcy trustee. It was the State's theory that the property was "taken beforehand ... that it was not returned beforehand.... [W]e allege he took it before the bankruptcy and didn't do anything about it." The State recognized the appellant maintained "it was stolen sometime from the bankruptcy trustee and ended up in Seguin."

It was shown when the property was returned, the prosecuting witness signed a waiver of prosecution. The trial court, as the trier of fact, heard evidence concerning the appellant's theory and the State's theory.

■ The assistant district attorney who presented the motion to dismiss the prosecution testified to the basis of the motion. He stated it was because the prosecuting witness no longer wished to prosecute the case. The trier of fact accepted his testimony and found that fact was the basis of dismissal of the criminal action. Also the trier of fact made a negative conclusion upon which he based his judgment denying the expunction of the criminal record. He concluded the dismissal did not result from a mistake or similar reason. This conclusion means that the movant failed to sustain his burden to prove the dismissal resulted from mistake, false information, or other similar reason which shows absence of probable cause to believe the person had committed the offense at the time of the dismissal. The point of error is overruled.

Appellant's second point of error addresses trial court error in considering the contents of the indictment because it was fatally defective and void on its face. The indictment recites that appellant unlawfully appropriated property "on or about the 15th day of February, A.D., 1982." [3] This,

appellant argues, is an impossible date because the property in question was in the custody of the bankruptcy trustee on that date. This point is without merit.

■ It is well settled that the State is not bound by the date alleged in the indictment and may prove that the offense was committed before, on, or after the date alleged, provided the date which is proven is anterior to the presentment of the indictment and not so remote as to be barred by limitation. *Ex parte Hyett,* 610 S.W.2d 787, 789 (Tex.Crim.App.1981); *Glenn v. State,* 436 S.W.2d 344, 346 (Tex.Crim.App. 1969). No bankruptcy records were introduced to establish a prior date. Moreover, this proof, even had it been offered, would not support an allegation of a *void* indictment.

In his third point of error, appellant complains the trial court erred in considering an affidavit of E.W. Dern, the complainant in the criminal case. Appellant contends the affidavit constitutes inadmissible hearsay, was not properly admitted into evidence, and caused the trial court to render an improper judgment. The affidavit apparently was Dern's statement in connection with the bankruptcy proceeding.

■ The record shows that the affidavit was offered by the State for impeachment purposes. Appellant had made a timely objection and the trial court "accepted" the affidavit for impeachment purposes only. The affidavit is not a part of this record, and we do not know its contents. However, in reviewing a cause tried before the court, we generally assume the trial court disregarded any incompetent evidence and the admission of such evidence will generally not require reversal of the judgment when there is competent evidence to authorize its rendition. *Gillespie v. Gillespie,* 644 S.W.2d 449 (Tex.1982); TEX.R.CIV.P. 434. The record reflects competent evidence, other than the affidavit supporting

---

3. We note that the indictment was not made a part of the record. However, references to it in the transcript, statement of facts and brief are sufficient for determination of this point. The indictment, in its pertinent allegations, is quoted by the parties, and there is no disagreement as to its terms.

the court's denial of expunction. The third point of error is overruled.

In his final point of error, appellant contends he has proven his right to expunction by a preponderance of the evidence and therefore it was error to deny his petition for expunction. Our holdings under points of error one and two are dispositive of this point as well. We find that appellant failed to sustain his burden of proving that the indictment was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe he committed the offense or because the indictment was void. The fourth point is overruled.

The judgment is affirmed.