MEMORANDUM OPINION

 

No. 04-10-00264-CV

 

EX PARTE KAPP

 

From the 131st
Judicial District Court, Bexar County, Texas

Trial Court No. 2010-CI-01221

Honorable Larry Noll,
Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Karen Angelini, Justice

                     Phylis
J. Speedlin, Justice

                     Rebecca
Simmons, Justice

 

Delivered and
Filed:  November 24, 2010

 

REVERSED AND
RENDERED

 

This
appeal arises from a trial court’s order expunging Argentina Marie Kapp’s records.
 The Bexar County District Attorney’s Office contends that the trial court
erred because each of Kapp’s arrests resulted in a final conviction.  We reverse
the order of the trial court and render judgment denying expunction.  

Background

Kapp
was arrested and convicted five times in her youth for several offenses: (1)
driving while intoxicated in 1977; (2) disorderly conduct in 1979; (3) driving
while intoxicated in 1985; (4) driving while intoxicated in 1986; and (5)
failure to present identification in 1990.  Kapp filed a petition for
expunction in 2010.  

At
the hearing on her petition, Kapp testified to the convictions, stated that they
prevented her from traveling to Canada to visit loved ones, and implored the
court to expunge her record.  The court granted her request over the Bexar
County District Attorney’s objection that the expunction statute does not permit
expunction of arrests resulting in convictions. 

A.   Standard of
Review

An appellate court reviews
a trial court’s grant of an expunction for an abuse of discretion.  Ex parte
Guajardo, 70 S.W.3d 202, 204 (Tex. App.—San Antonio 2001, no pet.).  A
trial court abuses its discretion if it acts arbitrarily, unreasonably, or
without reference to any guiding rules and principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).  Accordingly, an
appellate court must reverse an order granting an expunction if the applicant
fails to meet the statutory requirements.  See State v. Beam, 226
S.W.3d 392, 393–95 (Tex. 2007). 

B.    Kapp Failed
to Meet the Statutory Requirements for an Expunction

Expunction
is a statutory privilege governed by article 55.01 of the Texas Code of
Criminal Procedure, which provides that an arrested person is entitled to have
the records of an arrest expunged if (1) she was acquitted or pardoned; or (2)
there was no indictment or the indictment was dismissed, and several other
requirements are met, including that the applicant was not convicted.  Tex. Code Crim. Proc. Ann. art. 55.01 (West 2006 & Supp.
2010).  The purpose of the expunction statute is to allow the record of a
wrongful arrest to be expunged, not to allow a person who was convicted to
expunge the record of a righteous arrest.  See Harris County Dist.
Attorney’s Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991).  Thus, the
statute does not permit an expunction of records relating to a conviction
unless the conviction was pardoned.  See Tex. Code Crim. Proc. Ann. art. 55.01(a)(1) & 55.01(2)(B).  A court has no equitable power to extend the
expunction statute.  Smith v. Millsap, 702 S.W.2d 741, 743 (Tex.
App.—San Antonio 1985, no writ).  The record shows that all of Kapp’s arrests
resulted in convictions, and Kapp does not argue that she is otherwise entitled
to the expunction.  Thus, Kapp was not entitled to an expunction of records
related to her prior convictions. 

Conclusion

Because Kapp was ineligible to have her prior
convictions expunged, the trial court abused its discretion and its judgment
is, therefore, reversed.  This holding applies to all agencies addressed
in the expunction order because they are interwoven and have identical
interests for the purposes of maintaining criminal records.  See Ex parte Elliot, 815 S.W.2d 251, 252 (Tex.
1991).

                                                                          Rebecca
Simmons, Justice