*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00264-CV

## EX PARTE KAPP

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-01221
Honorable Larry Noll, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
    Phylis J. Speedlin, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

REVERSED AND RENDERED

This appeal arises from a trial court's order expunging Argentina Marie Kapp's records. The Bexar County District Attorney's Office contends that the trial court erred because each of Kapp's arrests resulted in a final conviction.  We reverse the order of the trial court and render judgment denying expunction.

### BACKGROUND

Kapp was arrested and convicted five times in her youth for several offenses: (1) driving while intoxicated in 1977; (2) disorderly conduct in 1979; (3) driving while intoxicated in 1985; (4) driving while intoxicated in 1986; and (5) failure to present identification in 1990.  Kapp filed a petition for expunction in 2010.

At the hearing on her petition, Kapp testified to the convictions, stated that they prevented her from traveling to Canada to visit loved ones, and implored the court to expunge her record. The court granted her request over the Bexar County District Attorney's objection that the expunction statute does not permit expunction of arrests resulting in convictions.

## A. Standard of Review

An appellate court reviews a trial court's grant of an expunction for an abuse of discretion. *Ex parte Guajardo*, 70 S.W.3d 202, 204 (Tex. App.—San Antonio 2001, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Accordingly, an appellate court must reverse an order granting an expunction if the applicant fails to meet the statutory requirements. *See State v. Beam*, 226 S.W.3d 392, 393–95 (Tex. 2007).

## B. Kapp Failed to Meet the Statutory Requirements for an Expunction

Expunction is a statutory privilege governed by article 55.01 of the Texas Code of Criminal Procedure, which provides that an arrested person is entitled to have the records of an arrest expunged if (1) she was acquitted or pardoned; or (2) there was no indictment or the indictment was dismissed, and several other requirements are met, including that the applicant was not convicted. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2006 & Supp. 2010). The purpose of the expunction statute is to allow the record of a wrongful arrest to be expunged, not to allow a person who was convicted to expunge the record of a righteous arrest. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Thus, the statute does not permit an expunction of records relating to a conviction unless the conviction was pardoned. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1) & 55.01(2)(B). A court has no equitable

power to extend the expunction statute. *Smith v. Millsap*, 702 S.W.2d 741, 743 (Tex. App.—San Antonio 1985, no writ). The record shows that all of Kapp's arrests resulted in convictions, and Kapp does not argue that she is otherwise entitled to the expunction. Thus, Kapp was not entitled to an expunction of records related to her prior convictions.

## CONCLUSION

Because Kapp was ineligible to have her prior convictions expunged, the trial court abused its discretion and its judgment is, therefore, reversed. This holding applies to all agencies addressed in the expunction order because they are interwoven and have identical interests for the purposes of maintaining criminal records. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991).

Rebecca Simmons, Justice