## OLDFIELD et ux. v. CAMPBELL.

### No. 2653.

Court of Civil Appeals of Texas. Waco.

Dec. 20, 1945.

Rehearing Denied Jan. 24, 1946.

Fitzpatrick & Dunnam, of Waco, for appellants.

F. R. Valentine and Tom P. Scott, both of Waco, for appellee.

HALE, Justice.

This case involves the custody of an infant. Appellants, who were in lawful possession of the child, instituted the suit in the

district court on March 28, 1945 against appellee, the child's mother, seeking a decree of adoption. Appellee resisted the application and by cross-action sought custody of the child; and, in the alternative, she prayed that its custody be awarded to some public institution where she might have an opportunity to visit it at reasonable times.

The case was tried with the aid of a jury. In response to special issues the jury found that appellee was unable to support the child and that she was an unfit person to have its care and custody; that the welfare and interest of the child would not be best subserved by permitting appellants to adopt it or by awarding its custody to them; and that its welfare and interest would be best served by awarding its care and custody to some. institution or person to be selected by the court.

Appellants seasonably filed and presented their motion for judgment non obstante veredicto upon the grounds, among others, that the court was not bound by the verdict of the jury and that some of the findings were contrary to the evidence. The court overruled the motion and rendered judgment decreeing. the child to be dependent and neglected, awarding its care and custody to the Methodist Orphans Home, there to await the further orders of the court, and denying appellants' application for adoption. In due time appellants filed their motion for new trial which was overruled. They also sought to have the judgment superseded pending their appeal and although such asserted right was denied by the trial court and by this court it was granted by the Supreme Court. See Oldfield v. Lester, Tex.Sup., 188 S.W.2d 982. Having duly perfected their appeal, the cause is again properly before us for review now upon the points raised in appellants' brief.

Appellants say in substance that the judgment should be reversed because (1) the undisputed evidence shows conclusively that the child's highest welfare will be best served by permitting them to adopt it; (2) the findings of the jury on the issues relating to the child's welfare and custody are not binding on the court; and (3) such findings, whether made by the jury or the trial judge, are contrary to the overwhelming weight and preponderance of all the competent testimony in the case.

■ It is elemental that the prime consideration in the disposition of any child custody case is the welfare of the child. Its custody should always be awarded to the person or institution in whose care its best interest will be subserved. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Schultz v. Brown, Tex.Civ.App., 152 S.W.2d 801, error dismissed, and authorities; Templeton v. Walker, Tex.Civ.App., 179 S.W.2d 811, error refused.

■ It is also well established that when a suit involving the custody of a minor is tried with the aid of a jury the findings of the jury with respect to the child's welfare and interest are advisory only and are not binding on the courts. In a case of such magnitude and possible consequences, the law places the solemn responsibility upon a trained judiciary not only to exercise general control over the minor but to weigh the evidence and ultimately to determine under all the facts and circumstances what is best for the child. Constitution of Texas, Art. 5, Sec. 8, Vernon's Ann.St.; Wright v. Wright, 50 Tex.Civ.App. 459, 110 S.W. 158; Northcutt v. Northcutt, Tex.Civ. App., 287 S.W. 515, error dismissed; Lawler v. Lawler, Tex.Civ.App., 15 S.W.2d 684; Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866; error dismissed.

Twenty-three witnesses testified upon the trial of this case, sixteen having been introduced by appellants and seven by appellee. From the testimony adduced, a tragic and pathetic story was unfolded in so far as appellee and the birth of her child are concerned, the sordid and lamentable details of which need not be here recounted. It should suffice to say that appellee's circumstances are such as to incite deep pity and compassion on her behalf. However, under all the evidence no one would seriously contend that she is able, mentally or otherwise, to support the child or that she is a fit person to be entrusted with its custody at this time.

The evidence shows that the child was placed in the possession of appellants on January 28, 1944 with the consent of appellee; that it was then about eighteen months of age, was neglected, undernourished and in poor physical condition; that it has remained constantly in their possession since that time, has been given the best of care and attention and treated with the same degree of affection by appellants as if it had been born of their marriage; and that it has responded to such care and treatment with the result that its physical condition

is now much improved over what it was when appellants took it.

The evidence further shows that appellants are husband and wife, are slightly under fifty years of age, have been married for more than twenty-five years and have reared three children of their own, all of whom are now grown. Appellants enjoy a good reputation as peaceable, law-abiding citizens. They are in good health, maintain an exemplary Christian home, attend church regularly and the husband is gainfully employed in a useful occupation. No question is raised under the evidence as to their qualification properly to care for the child or as to their willingness or eager desire to do so.

■ What, then, may be said from the evidence in support of the judgment? Appellee argues in her brief that appellants have changed the name of the child and are teaching it that it has no mother; that if they be permitted to adopt the child or to retain its custody, appellee will make continuous and unsuccessful efforts to see it; and that such continuing family conflict between appellants and appellee would be detrimental to the child's highest welfare. A witness tendered by appellee testified that in his opinion, due to these attendant circumstances, it would not be for the child's best interest to permit appellants to adopt it or to retain its possession. We are not impressed with the force or validity of such arguments and opinion, however, because it appears to us that they are obviously based in part upon erroneous considerations of sympathy and solicitude for appellee, rather than solely upon a correct legal consideration of what is best for the child. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Dunn v. Jackson, Tex.Com. App., 231 S.W. 351; Williams v. Perry, Tex.Com.App., 58 S.W.2d 31; Stutts v. Stutts, Tex.Civ.App., 177 S.W.2d 294; Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735, error refused.

■■ We recognize that the trial judge, as distinguished from the jury, is vested with broad discretionary powers as a court of equity in determining what is for the best interest of a minor who is subject to the general control of the court. Hence, we are unwilling to hold as a matter of law that the evidence in this case shows conclusively that the child's highest welfare will be best served permanently by permitting appellants to adopt it or to here render judgment in appellants' favor on such holding. Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707. But, despite such discretionary powers of the trial judge, this court cannot sanction a finding under all of the evidence to the effect that the highest welfare of this child will be best subserved by awarding its care and custody to any institution at this time or affirm a judgment against appellants and the child which is necessarily based in part upon that finding.

The recently declared public policy of this state in dealing with dependent and neglected children is to secure for each "such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents." Art. 2338—1, Sec. 1 of Vernon's Tex.Ann.Civ. Stats. This unfortunate infant never had any semblance of a home or family of its own until it was graciously taken in by appellants. The tender, loving care which they are ready, able and anxious to continue giving is beyond any reasonable doubt, we think, more nearly equivalent to that which should have been given by the child's natural parents than any institution could possibly give at this time. This child is only three years of age. It needs a mother. It needs a home. It needs them now. Any finding to the effect that its welfare and interest alone would be best served by awarding its immediate custody to any institution is, in our definite opinion, so clearly against the overwhelming weight and preponderance of all the competent evidence in the case, and the law applicable thereto, as manifestly to be wrong.

Therefore, solely in the interest of this child, the judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., took no part in the consideration or disposition of this case.