SAM DAVIS, CHIEF PROBATION OFFICER, V.
W. F. COLLINS, ET UX.

No. A-1900. *Decided January 12, 1949.*
(216 S. W., 2d Series, 807.)

*Will R. Wilson, Jr.,* District Attorney of Dallas County, *George P. Blackburn* and *William B. Heney,* Assistants District Attorney of Dallas County, for petitioner.

The Court of Civil Appeals erred in holding that the consent of the juvenile court and county judge and the person to whom the care and custody of a delinquent child had been awarded, was not necessary to its adoption by another; also in holding that the proposed adoptive parents were too old. 2 C. J. S. 393, sec. 24; Austin v. Collins, 200 S. W. (2d) 666; 3 Tex. Jur., 1079, 1089.

*Frank Ivey, James H. Martin* and *Earl R. Parker*, all of Dallas, for respondents, the Collinses.

MR. JUSTICE SHARP delivered the opinion of the Court.

W. F. Collins and wife filed their petition with the District Court of Dallas County to adopt a minor child who had been declared dependent and neglected, and who had been awarded to the care and custody of Sam Davis, Chief Probation Officer of Dallas County, Texas. Other parties intervened and filed their petition to adopt the same child. The trial court, after a hearing before the court without a jury, entered judgment denying the petition of respondents and dismissing that of intervenors. Respondents appealed, and the Court of Civil Appeals reversed the judgment of the District Court and rendered judgment that the petition of Collins and wife be granted. The opinions of the Court of Civil Appeals on the cause and in overruling the motion for rehearing are unpublished, in accordance with a provision of the statute. Vernon's Texas Statutes, 1948, Article 46a, Section 10.

The child made the center of this dispute was born to a mother who was mentally deficient and a ward of a State institution. When the child was thirteen months of age the district court, acting as a juvenile court, adjudicated that she was a dependent and neglected child, and placed her in the custody of Sam Davis, Chief Probation Officer in and for Dallas County, as provided for by Articles 2335 and 2336 of Vernon's Texas Statutes, 1948. Davis then placed the child in the home of Collins and wife, under an arrangement whereby they were paid a certain allowance for caring for the child, the food and clothing being supplied by Dallas County. At this time the child was not subject to adoption, due to a possibility that she might have inherited some abnormality, either physical or mental, and so was placed in the home for temporary boarding until tests could be made upon the child before an adoption would be permitted. The record indicates that other children were taken into the Collinses' home under similar arrangements.

The child remained in the continuous care of Mr. and Mrs. Collins for almost four years. On August 25, 1947, she was removed from the Collinses' home and placed in the home of the intervenors, subject to the further orders of the court. Mr. and Mrs. Collins filed their original petition for adoption on November 5, 1947.

The district court in which this petition was filed, pursuant to the provisions of the Texas statute, Article 46a, Section 2, of Vernon's Texas Statutes, 1948, appointed Sam Davis as a "suitable person" to investigate "the former environment and antecedents of the child for the purpose of ascertaining whether he (she) is the proper subject for adoption," and the "home of the petitioner to determine whether it is a suitable home for the child." In his capacity as investigator Sam Davis filed his report with the court on December 15, 1947.

This report states the facts as here set forth, and finds no fault with the Collinses' home or with the petitioners themselves, but recommends that the petition be denied. The stated reasons why the petition should be denied are: (1) That the consent of Sam Davis, as custodian of the child under the order of the juvenile court issued on November 13, 1943, had never been secured; (2) that the child no longer resided in the home of petitioners; and (3) that, considering a recommendation of the Child Guidance Clinic to the effect that cognizance should be taken of the child's young years, as related to the age of any adoptive parents, the best interest of the child would be served by denying the petition. The record indicates that at this time Mr. Collins was 62 years of age and Mrs. Collins was 45, and the child was five years old.

On January 5, 1948, Sam Davis filed his original answer to the petition of Mr. and Mrs. Collins, in his capacity as custodian of the child under the orders of the juvenile court. On this same day motion was made by the other parties who wished to adopt the child to intervene in the action, which motion was granted by the court. In its written judgment the district court indicated that it was denying the petition for adoption by Collins and wife on the ground that the age of the petitioners was too far advanced for the purpose of adoption.

The application for writ of error on the part of Sam Davis was granted principally on the following points: (1) That the Court of Civil Appeals erred in holding that the consent of the juvenile court and the county judge is not necessary in the case of adoption of a child who has been declared dependent and neglected and taken from her parents; (2) that the consent of the person to whom the care, custody or guardianship has been awarded is merely incidental in such a proceeding; and (3) that there was an abuse of discretion on the part of the district court in denying the petition of Mr. and Mrs. Collins.

■ Within recent years the public has demanded the enactment of laws to protect dependent and neglected children. To meet this demand the Legislature in 1943 amended Title 43, Articles 2330 to 2338, inclusive, Vernon's Texas Statutes, 1948, which authorized the creation of juvenile courts to deal with the problem. An elaborate system of procedure as to what should be done for the welfare of children was outlined. Article 2335 of the Act reads as follows:

"Upon the hearing of such case, if the said child shall be found to be a dependent or neglected child, as defined herein, it shall be adjudged a 'dependent child'; and an order may be entered making disposition of said child as to the court seems best for its moral and physical welfare. It may be turned over to the care and custody of any suitable person or any suitable institution in the county or State organized for the purpose of caring for 'dependent children,' and which is able and willing to care for same. And when such child is so turned over to the custody of such person or institution, such person or institution shall have the right to the custody of said child, and shall be at all times responsible for its education and maintenance, subject at all times to the order of the court."

The validity of the foregoing Act was upheld by this Court in the case of Dendy v. Wilson, 142 Texas 460, 179 S. W. (2d) 269, 151 A. L. R. 1217.

In 1947 the Legislature amended Title 3, Article 46a and 46b of Vernon's Civil Statutes, relating to proceedings concerning the adoption, hearing, and rights of adopted children. The pertinent part of Article 46a, Section 6, which we deem controlling in this case, is quoted:

"Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of competent jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the superintendent of the home or school, or of the individual to whom the care, custody, or guardianship of such child has been transferred by a Juvenile Court or other Court of competent jurisdiction."

Thus we find that Articles 46a and 46b are supplemental to Article 2330 et seq. above cited. The Legislature in the exercise of its power and wisdom has laid down a rule to guide those who deal with the rights of a child arising under these

statutes. If the rule announced is valid it should be followed, and it is not the province of courts to repudiate the rule if it is thought to be unwise. If the rule proves to be inefficient or unwise, the duty rests with the Legislature to repeal or amend it.

The facts of this case are unusual. Here we have an abandoned child, whose mother was mentally deficient and a ward of a State institution. The trial court adjudged that the child was dependent and abandoned. The right of the child's natural parents had been termined by a court of competent jurisdiction, and the care, custody, and guardianship of such child was transferred to Sam Davis as Chief Probation Officer of Dallas County. The law authorized the court to appoint Sam Davis to care for such child, and further provided that the adoption of such child should be permitted only on consent of Sam Davis while acting as the custodian of the child. Since the court has terminated the rights of the parents of this child, their consent is not necessary in adoption proceedings. The law places the responsibility on Davis to give his consent. He assumed the responsibility placed on him by the law, and after an investigation has refused his consent to the petition of the Collinses to adopt this child.

In this case Sam Davis is the person to whom the care and custody of this child has been awarded by the juvenile court under the provisions of Article 2335, and he also was appointed by the district court as the "suitable person" to make the investigation provided for under Section 2 of Article 46a. Under this latter statute Sam Davis was empowered to make a report to the court of the results of his investigation; which report was to be "filed with the record of the proceedings and become a part thereof." Furthermore, in his capacity as the person to whom the care and custody of this dependent child was awarded under the provisions of Article 2335, the consent of Sam Davis, as provided for in Section 6 of Article 46a, was a prerequisite before the child could be adopted by any one. This consent was never given by him, and the record indicates that it was expressly withheld.

■ Respondents contend, and the Court of Civil Appeals held, that the general consent of Davis can be implied from the fact that in his report as investigator he stated that the home of respondents was suitable and the child was a proper subject for adoption, and that this general consent is all that is required of the custodian. With this contention we do not agree. The consent of the custodian and the report fo the investigator are

dealt with in separate sections of the statute, and the part each plays in an adoption proceeding is of an entirely different nature. See Article 46a, supra. In fact, in most cases they are two different persons.

The case of DeWitt et ux v. Brooks et ux, 143 Texas 122, 182 S. W. (2d) 687, involved adoption proceedings arising under Articles 2330, 2332, 2335, and 2337, and 46a. In construing certain provisions contained in those articles of the statutes it was held: (1) That where parents abandon a child or neglect it, so that it becomes a public charge, or parents otherwise prove to be unsuitable, the State may assume custody of the child, and the parents may be deprived of its custody; and (2), the court under such facts had the lawful right to award the custody of such child to others. For a discussion and construction of certain provisions of Article 46a see Austin et al v. Collins et ux (Tex. Civ. App.), 200 S. W. (2d) 666, writ refused n. r. e.; Platt v. Moore, Tex. Civ. App., 183 S. W. (2d) 682, writ refused w. m.; Pearce v. Harris, Tex. Civ. App., 134 S. W. (2d) 859.

No case has been before the courts in this State in which it was necessary to construe this particular section of our statutes on adoption. In cases which have arisen in other States, under statutes which are similar in tenor to ours, the courts have held that when the parental rights have been terminated by proper action the consent of the custodian of the child is necessary for a legal adoption. See Criswell v. Jones, 60 Ga. App. 81, 3 S. E. (2d) 115; In Re Whitcomb, 271 App. Div. 11, 61 N. Y. S. (2d) 1; In Re Kilby's Adoption, 230 Iowa 557, 289 N. W. 829; State ex rel. Frederick v. District Court of Fourteenth Judicial District, Meagher County, 119 Mont. 143, 173 P. (2d) 626.

■ Respondents argue that if the custodian of a child withholds his consent to an adoption, the court is powerless to act, even though its action would be for the best interest of the child. The provisions of the statute under which the custody of a child is awarded refute this argument. It is therein provided that a change of guardianship can be made at any time it appears necessary to secure the best interest of the child. See Article 2336. Further, it has been held in other States (although the matter has not been decided in this State) that, if a guardian of a child refuses to give his consent to an adoption, and the court feels that an adoption would serve the best interest of the child, the court is justified in proceeding as if the consent had been given. See 2 C. J. S., Adoption of Children, p. 393, sec. 24.

The Legislature in the enactment of the statutes under consideration endeavored to protect the interests of neglected and abandoned children, and the statutes enacted would be weak and inefficient if the Legislature had not also thereby empowered the courts to exercise their authority and discretion in carrying out the legislative intent as expressed in the statutes. The rights and welfare of the children are the paramount things to be considered in adoption and child custody cases. Hursey v. Thompson, 141 Texas 519, 174 S. W. (2d) 317; Stanford v. Stanford, Tex. Civ. App., 201 S. W. (2d) 63, writ refused n. r. e.; Oldfield v. Campbell, Tex. Civ. App., 191 S. W. (2d) 897.

■ Respondents filed a motion to dismiss petitioner's application for writ of error, on the ground that he is not an aggrieved party, and therefore has no right to appeal. This motion was filed subsequent to the date notification was given that the writ of error had been granted. The basis of the motion is the contention that Sam Davis, as investigator appointed by the district court, had no interest in the subject matter of this litigation. However, under the facts of this case, the interest of Davis, as custodian of the child sought to be adopted, is indeed important. He had been appointed by the court, and was acting under the express provisions of the statutes, and there was no one else to represent and protect the interest of the child. In their appeal to the Court of Civil Appeals, respondents cited Sam Davis as representing all the interests adverse to those of respondents. Having cited Sam Davis as representing all the adverse interests in this case, and having obtained in the Court of Civil Appeals a reversal of the judgment of the trial court and rendition of a judgment in their favor, respondents can not now be heard to complain that Sam Davis does not have a sufficient interest in the case to make him an aggrieved party, so as to enable them to defeat the jurisdiction of this court to reverse the judgment of the Court of Civil Appeals in this case.

The trial court correctly construed the statutes under consideration, and the Court of Civil Appeals erred in reversing the judgment of the trial court and in rendering judgment for respondents. The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered January 12, 1949.

No motion for rehearing filed.