### HICKMAN et ux. v. SMITH et ux.
### No. 9963.

Court of Civil Appeals of Texas. Austin.
April 18, 1951.

Rehearing Denied May 2, 1951.

Boling, Smith & Allen by John Lee Smith, of Lubbock, for appellants.

Ben Davis Geeslin, Newman & McCollum by Sam McCollum, all of Brady, for appellees.

HUGHES, Justice.

This is an adoption proceeding in which appellees, Mr. and Mrs. Ben Duval Smith, sought and obtained a decree granting leave for and making effective their adoption of Bennie Jeneva Hickman, an eight-year old girl.

Appellants, Mr. and Mrs. A. B. Hickman, are the natural parents of the girl. They intervened in the court below in opposition to appellees' adoption petition and affirmatively prayed that they be awarded the custody, care and control of their daughter, Bennie Jeneva.

The first two points made by appellants are that the court erred in denying them a trial by jury. These points are overruled.

The right to trial by jury as guaranteed by Art. 1, Sec. 15, of the Bill of Rights to the Texas Constitution, and Art. 5, Sec. 10, of such Constitution, Vernon's Ann.St., is limited to the right of trial by jury as it existed at common law or as provided by statutes in effect at the time of the adoption of our Constitution in 1876. Texas Liquor Control Board v. Jones, Tex.Civ.App., Texarkana, 112 S.W.2d 227, and cases therein cited.

Adoption was unknown to the common law. 1 Tex.Jur.Supp., p. 132. Neither the statute pertaining to adoption in 1876 [1] nor the present adoption statutes [2] had or have any provision for a jury trial.

Article 46a [2] under which this proceeding was brought validly and plainly makes it the duty of the trial court or judge, as distinguished from a jury, to grant or deny a petition for adoption as in his discretion the facts and welfare of the child require. Oldfield v. Campbell, Tex.Civ.App., Waco, 191 S.W.2d 897, cited approvingly in Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807.

As we understand appellants' points 3, 4 and 5, they are that since the judgment in this case will determine property rights in the future services and wages of the minor and will also determine the right of the adopting parents to inherit from the minor, the court erred in refusing to re-open the question of the child being a dependent and neglected child as adjudicated by a proceeding in the District Court of Lubbock County.

The record shows that on January 10, 1949, appellant Mr. Hickman filed a petition in the District Court of Lubbock County to have his daughter, Bennie Jeneva, then in the custody of appellant Mrs. Hickman and her then husband, Wager Tucker, declared a dependent and neglected child. After proper service and hearing this petition was granted and the custody of the child was awarded to Mrs. W. T. Milam of Milam's Orphans Home in Lubbock. Mrs. Milam was also authorized to consent to the adoption of the minor and she has done so in favor of appellees.

Article 2337, V.A.C.S., is cited as authority by appellants. We agree with appellants that the judgment in a dependency proceeding under Arts. 2330–37, V.A.C.S., is not final in the sense that they cannot be altered, amended or suspended

---

1. Acts 1850, p. 36; G.L. Vol. 3, p. 474.

2. Arts. 46a, 46b, 46b–1, V.A.C.S.

because this is expressly authorized by Arts. 2336 and 2337.

■ The proper forum, however, in which to seek alteration or suspension of this judgment was in the court rendering the judgment. Cook v. Gregg, Tex.Civ. App., Amarillo, 226 S.W.2d 146, Writ Ref.

■ We, therefore, overrule the points under consideration.

■ Appellants' last point is that the court erred in admitting in evidence and in considering a written report prepared by a representative of the Department of Public Welfare. This report dealt with the matters mentioned in Sec. 2, Art. 46a, V.A.C.S. The fact that much of the report may be technically hearsay evidence is unimportant. Section 2, supra, requires an investigation be made and that the results be submitted to the court in a written report, and authorized the Department of Public Welfare to make such investigation. The court was duty bound to read and consider the report and give it such weight as it deserved.

Appellants do not assign as error any abuse of discretion on the part of the trial court in granting the petition for adoption and for that reason we do not discuss the evidence. We do say, however, that we have read the entire statement of facts and are of the opinion that the trial court rendered the only judgment which he could have conscientiously rendered as being for the welfare of Bennie Jeneva.

The judgment of the trial court is affirmed.

Affirmed