**Annie Mae McGOWEN, Appellant,**

v.

**Almarine McGOWEN et ux., Appellees.**

No. 6527.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 10, 1963.

James E. Faulkner, Coldspring, for appellant.

J. Edwin Smith, Houston, for appellees.

HIGHTOWER, Chief Justice.

By Bill of Review, Annie Mae McGowen sought to set aside a judgment in favor of Almarine McGowen and wife for the adoption of two minor girls. She has appealed from an adverse judgment.

Appellant is the natural mother of the children in question, Alma Dean, eight years, and Robin Gina, eighteen months. Appellee and wife, grandparents of the two children, obtained a judgment for their adoption in Cause No. 5161, styled Alma Dean McGowen and Robin Gina McGowen, minors, in the Ninth District Court of San Jacinto County on May 20, 1961.

Appellant first urges error of the court in failing to set aside the judgment of adoption because the children had not lived in appellees' home six months prior to adoption, and because the affidavit of consent for

adoption was only sworn to instead of acknowledged in conformity with Art. 46a, sec. 6, Vernon's Ann.Civ.St.; because as a matter of law appellees were too old to adopt the children.

Sec. 6 of Art. 46a, supra, provides that a consent for adoption * * * "shall be *sufficient* if given in writing * * * and duly acknowledged, * * *."

 In view of the action taken by the Supreme Court in Wilde v. Buchanan, 157 Tex. 606, 305 S.W.2d 778, where a similar affidavit of consent was involved, it is our opinion that the affidavit of consent herein was such a substantial compliance with the statute and article thereof aforesaid as to justify the trial court's action in refusing to set aside the adoption on such grounds.

We do not think the court erred in regard to appellant's contentions regarding the requirement of six months residency of the children. It is undisputed that the youngest had lived continuously in appellees' home since it was one and one-half months of age. The testimony is contradictory on the residency of the older child, but the court had the authority to, and did, resolve such conflict in favor of appellees, and we uphold its action. Nor can we sustain appellant's contentions that appellees were too old to adopt the children as a matter of law. They were respectively sixty-six and forty-nine years of age at the time of adoption. Whether they were too old was a matter resting within the sound discretion of the trial court, and there is no contention that such discretion was abused. We think that is essentially the holding of the Supreme Court on this point in Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807.

We make the same holding in connection with appellant's contentions that appellees were morally and financially unfit. There was no evidence of probative value that appellees were immoral people, and although appellees' income per year was slightly below that of appellant's, and they were supporting four other children as well, we cannot say the court abused its discretion in upholding the adoption.

Lastly, appellant contends that the judgment of adoption was void as having been rendered when the court was in vacation on May 20, 1961. The point is without merit. Since January 1, 1956, the Ninth District Court of San Jacinto County has been a continuous term court. Art. 1919, V.A.C.S.

Affirmed.