
James E. FAULKNER, Appellant,

v.

Eugene JOHNSON et ux., Appellees.

No. 4265.

Court of Civil Appeals of Texas.

Waco.

Oct. 15, 1964.

James E. Faulkner, Coldspring, pro se.

Rachel Johnson, Pasadena, for appellee.

WILSON, Justice

The appeal is from a decree ordering adoption of appellant's children by his divorced wife, (the children's mother), and her present husband.

One of appellant's points asserts that absent his written consent to adoption, in the absence of pleading and proof of his abandonment and desertion, or that the children were dependent and neglected, or that parental rights had been ordered terminated, adoption was not authorized under Sec. 6, Art. 46a, Vernon's Ann.Civ.St. The statute provides an additional exception to adoption without the written consent of the parents: "if such parent or parents shall have not contributed substantially to the support of such child" during a two-year period "commensurate with his financial ability". This was the pleaded basis of the decree. The contention is untenable.

Appellant then says, as we understand his points, that the undisputed evidence established as a matter of law that he did contribute substantially to the support of the children commensurate with his financial ability so as to conclusively negate existence of the statutory exception. His argument is that the evidence shows without dispute that he contributed more than was required by a 1957 divorce decree which fixed the monthly child support payments he was to make. We have examined the entire record. It clearly does not support the contention; it does sustain the determination of the trial court that the statutory exception exists

Another point challenges the overruling of appellant's demand for a trial by jury. The issue of fact as to whether the statutory exception to the consent requirement existed was tried and determined without a jury at appellant's instance in 1962 on his plea in abatement. He did not

then request a jury trial, and waived trial by jury on that issue. The adoption statute, moreover, "makes it the duty of the trial court or judge, as distinguished from a jury, to grant or deny a petition for adoption." Hickman v. Smith, Tex.Civ.App., 238 S.W.2d 838, writ refused. The point is overruled.

Other points have been considered and are overruled. Affirmed.