**Everett Bell FEARRINGTON, Jr., Appellant,**

**v.**

**John Allen WRIGHT, Appellee.**

**No. 4576.**

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1967.

Rehearing Denied Feb. 2, 1967.

Joe S. Moss, Houston, for appellant.

Joe S. Maida, Houston, for appellee.

TIREY, Justice.

This is an adoption case. On March 30, 1966, John Allen Wright, joined by his wife, Mary Josephine Wright (formerly Josephine Wright Fearrington) brought this suit to adopt Michael Anthony Fearrington, a minor, whom he alleged was born to Mary Josephine Wright, one of the petitioners here, while she was married and living with defendant, Fearrington, and alleged the child was born on the 15th

day of June, 1957 in Harris County, Texas. The petition complies fully with the provisions as required in Sec. 1a of Article 46a, Revised Civil Statutes. The cause was tried without the aid of a jury.

It was stipulated that Mrs. Wright and her former husband, Fearrington, were divorced on August 14, 1958, and that one child was born to them, a boy, age 14 months at the time the divorce was granted, and the court awarded the custody to the mother, and gave the defendant certain visitation rights and provided that the father pay for the support of said minor the sum of $60.00 per month, payable $15.00 per week; that the father quit visiting the child in March or April of 1959; and that he contributed payments to April of 1959, and that he has not made any contribution for the support of the minor since April, 1959. Testimony was also tendered to the effect that after the divorce was granted the mother and child lived with her mother and father until she intermarried with John Wright, the petitioner, in October 1961. Mrs. Wright and her mother testified to the effect that the father had not visited the child since March or April of 1959, and that he "voluntarily has not contributed substantially" to the support of the child since that date. Testimony was further tendered to the effect that visitation rights were never denied to the father. Testimony was also tendered to the effect that the minor had lived with his natural mother consistently since birth, and that petitioner and the natural mother had maintained a home for the minor since their marriage in 1961.

The judgment of adoption entered on the 25th day of May, 1966, recites that the petition was duly verified by the petitioners; that it was filed on March 30, 1966, and that after its filing and docketing the clerk mailed a certified copy of such petition to the Executive Director of the State Department of Public Welfare at Austin, and noted the date of such mailing upon the docket, and that after the filing of the petition the court appointed a time and place for hearing of such petition, and that the hearing date was subsequently changed by agreement of all parties as evidenced by written order filed with the papers in this cause, and that such order was duly recorded and entered of record, and that the facts therein stated were true; that on the same day the court by order, appointed an investigator and caused investigation to be made whether such minor is a proper subject for adoption, and whether the home of petitioners is a suitable home for such child; that the order was duly made and that the recitations and facts stated therein were true; that the investigator appointed duly made the investigation in accordance with the order and made a written report of his investigation, verified by affidavit; that said report was filed with the records of this proceeding, and that the report was submitted to the court prior to said hearing, and that the natural father of said minor, Everett Bell Fearrington, subsequent to the filing of said petition, was served with citation as required by law, and that he made answer to the petition in his behalf by his attorney of record, and that the answer is before the court. The court further found that the natural father of the minor "voluntarily has not contributed substantially to said minor child's support," care and welfare commensurate with his financial ability to do so for a period of more than two years, and based on this finding, this court, being the Juvenile Court of Harris County, gave his written consent to said adoption, and a copy of said order is attached thereto, and made a part of this judgment for all purposes. The court further found that the petition for adoption is sufficient under the law; that the minor child is a proper subject for adoption, and that the residence of petitioners is in Harris County, Texas, and that the home of said petitioners is a suitable home for said minor, and that said home and child are suited to each other; that the minor and petitioners are of the white race, and that the petitioners and the natural father of said minor are attending this hearing and are in person be-

fore the court; that such minor has lived for over six months in the home of petitioners in Harris County, Texas, and that the former name of the child was Fearrington, and that Mary Josephine Wright is the natural mother of said child, and finds that the evidence submitted is sufficient to effect such adoption, and that it should be granted, and such adoption be effected, and the court decreed accordingly. The order changed the child's surname, and that hereafter the child shall be known as Michael Anthony Wright. Everett Bell Fearrington, Jr., the child's natural father, excepted to the judgment of the court granting and consenting to the adoption and gave notice of appeal to the Houston Court, and the cause is here on transfer.

■ Appellant in his first point contends that the Juvenile Court of Harris County, Texas, has no jurisdiction of this proceeding because all issues pertaining to financial contributions to the support of the child were still pending in a prior divorce suit in the 125th Judicial District Court of Harris County. We overrule this contention. The divorce judgment was in all respects a final judgment, and there was no appeal from the order entered, and under the factual situation here the Juvenile Court had jurisdiction under the provisions of Article 46a, Revised Civil Statutes, and the amendments thereto. See also Art. 2338-18, Sec. 7(a) Revised Civil Statutes. See also In re Adoption of Bennie Lee Alls, 278 S.W.2d 524, Amarillo, 1955, n. w. h., points (2, 3). There is no merit in this contention, and it is overruled.

■ Appellant's second point is that the court erred in refusing to grant him a jury trial. There is no merit in this contention. The Austin Court, in Hickman v. Smith, 238 S.W.2d 838, 1951, writ ref., in an adoption case, held:

"Article 46a under which this proceeding was brought validly and plainly makes it the duty of the trial court or judge, as distinguished from a jury, to grant or deny a petition for adoption as in his discretion the facts and welfare of the child require."

Citing Oldfield v. Campbell, Tex.Civ.App., Waco, 191 S.W.2d 897, n. w. h.; Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807, 1949. In points (4, 5) we find this statement:

"The rights and welfare of the children are the paramount things to be considered in adoption and child custody cases."

See opinion of this court, Faulkner v. Johnson, 383 S.W.2d 873, point 2, n. w. h., 1964. The statement of facts shows that appellant's lawyer paid a jury fee the day before the trial, and the court sustained appellee's objection to it on the ground that it had not been paid ten days prior to the date the case was set for trial according to Rule 216, T.R.C.P. Point two is overruled.

■ Point 4 is that the court erred in finding as a fact that appellant voluntarily has not contributed to the child's support, because such finding is against and contrary to the overwhelming weight of the evidence. We overrule this contention. The evidence is ample to sustain the court's finding that the natural father has not made any payments for the support of the minor since April, 1959. This suit was filed March 30, 1966. Therefore, we are of the view that the finding is amply supported by the evidence since the natural father "voluntarily" had not contributed substantially to the support of his child since April, 1959, which was two years prior to the filing of this suit, and fully complies with the provisions of the adoption statute.

We have considered each of the other points tendered by appellant's brief and find that each is without merit, and each is overruled.

Accordingly, the judgment of the trial court is affirmed.