**In the Matter of the ADOPTION of Olga Marie PATE.**

**No. 6047.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 3, 1969.

Edwards, Belk, Hunter & Kerr, Frank H. Hunter, H. P. Talley, El Paso, for appellant.

Peticolas, Luscombe & Stephens, W. C. Peticolas, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a decree ordering the adoption of Olga Marie Pate, a minor, by H. L. Winter and wife, Marta Winter.

Olga Marie Pate was born of the marriage of James W. Pate, appellant herein, and Olga Aguilar Pate. They were divorced in 1960, and custody of the child was awarded to the mother. She died in 1966, and the appellees herein, H. L. Winter and wife, Marta Winter, filed their petition for adoption in July, 1968, alleging that the child had resided with them since 1960 and that the consent of the appellant father, James W. Pate, was not required for the reason that he had abandoned such child and left her support to others within the meaning of Section 6 of Article 46a, Vernon's Ann.Tex.St. Appellant was duly cited, appeared, and contested the adoption proceedings and now prosecutes this appeal.

We are of the opinion that none of appellant's six points of error present reversible error, and therefore the judgment of the trial court should be affirmed.

Appellant's Points of Error One and Five are briefed together and relate to the failure of the court to grant his motion for continuance, and failure of the court to require the attendance of the child, Olga Marie Pate, at the trial. The child, being 10 years of age, and the requirement of the statute, Art. 46a, being that a child of 14 years or older shall be required to attend, the contention is not advanced that the court erred in failing to follow the adoption statutes. Rather, it is contended that the testimony of the child was needed on the issue of her residence, it being the contention of the appellant that the child was a resident of Mexico and that the court did not have jurisdiction. The court wisely did not subject the 10-year-old child to the trial over her adoption, and we see no error in refusing to have her present as a witness as to her residence, there being no showing as to what she would testify. There having been one continuance, any error in failing to grant the continuance involves a showing that the court abused his discretion. Morriss-Buick Co. v. Davis, Tex.Civ.App., 59 S.W.2d 937, affirmed 127 Tex. 41, 91 S.W.2d 313. A hearing was held on the motion for continuance and appellant presented testimony as to his

witnesses, their expected testimony, their availability at a later date, and his diligence in procuring them, or their deposition testimony, for this setting of the case. A review of such record does not show that the trial judge abused his discretion. These points of error are overruled.

■ Appellant urges lack of jurisdiction on grounds that the residence of the child had not been with the petitioners for six months prior, and that the setting of the case was more than sixty days from the date of mailing of a copy of the petition to the State Department of Public Welfare as required by Section 4, Article 46a, V.A.T.S. We overrule both of these assignments, for the petition for adoption did not ask for a waiver of the requirement of six months' residence by the child in the home of petitioners, but specifically alleged that the child had resided in their home more than six months. There is no assignment that the evidence does not support the court's finding of such residence in the judgment. The record reflects that the court complied with the statute, in that it originally set the case for hearing within a time not exceeding sixty days after the mailing of a copy of the petition to the State Department of Public Welfare. Appellant then procured a continuance from such setting to the trial date of which he now complains. We see no merit in such a complaint of self-induced error, if any.

■■ Denial of trial by jury is asserted to be error. Appellant timely requested a jury and deposited the jury fee, but the court, in advance of trial, notified appellant that this was not a case for a jury, and the court also directed the clerk to return the jury fee. Appellant relies on Article I, Section 15, of the Bill of Rights to the Texas Constitution, which provides "the right of trial by jury shall remain inviolate", and he cites Article V, Section 10, Texas Constitution, providing: "In the trial of all causes in the District Courts,

the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; * * *" There are a number of proceedings in the district courts in which a jury may be denied, and adoption is one of them. The most often cited case is Hickman v. Smith, Tex.Civ.App., 238 S.W.2d 838 (1951), as to which the Supreme Court refused writ of error. Basis of the court's holding is that the right of trial by jury as guaranteed by the Constitution of Texas is limited to the right as it existed at Common Law or as provided by statutes in effect when our Constitution was adopted in 1876. The Court noted that adoption was unknown to the common law and that the adoption statute in effect in 1876 had no provision for a jury trial. The court then held that, since Article 46a "validly and plainly makes it the duty of the trial court or judge, as distinguished from a jury, to grant or deny a petition for adoption as in his discretion the facts and welfare of the child require", the trial court did not err in denying a trial by jury. Cited as authority for its holding are Oldfield v. Campbell, Tex.Civ.App., 191 S.W.2d 897 (n. w. h.); Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807. Later cases adhere to the same ruling, the latest being Fearrington v. Wright, Tex.Civ.App., 410 S.W.2d 855 (wr. ref. n. r. e.). Of equal dignity to the provision for trial by jury is the provision of the Texas Constitution, Article V, Section 8, that the district court shall have original jurisdiction and general control over minors "under such regulations as may be prescribed by law". The Legislature, by Article 4639a, V.A.T.S., has provided for jury trial in child custody cases, but no such provision has been made for adoption proceedings. We conclude that the denial of a jury trial in this case was not error.

All points of error have been considered and all are overruled. The judgment of the trial court is affirmed.