**In re Julie Elaine JONES.**

**No. 4520.**

Court of Civil Appeals of Texas, Eastland.

Jan. 7, 1972.

Rehearing Denied Feb. 4, 1972.

Brooks, Jones & Gordon, George D. Jones, Abilene, for appellant.

Schulz, Hanna & Burke, Malcolm Schulz, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a contested adoption case. Frank Peck filed a petition seeking to adopt Julie Elaine Jones the twelve year old daughter

of his present wife, Lois Peck, and her former husband, W. B. Jones, Jr. Petitioner contended that the consent of the natural father of the child was not necessary because the natural father had failed to contribute to the support of the child for a period of two years commensurate with his financial ability. W. B. Jones, Jr., the natural father, appeared and contested the adoption. The trial court granted the adoption. W. B. Jones, Jr. appeals. We affirm.

Appellant's first three points complain of the trial court's refusal to grant him a jury trial. He contends that he was entitled to a jury trial on the fact question of whether or not he failed to contribute to the support of his daughter for a period of two years commensurate with his financial ability.

■ The applicable authorities are discussed in In Re Adoption of Pate, 449 S. W.2d 372 (Tex.Civ.App. 1969, no writ) where the Court, we think, correctly held that a party is not entitled to a jury trial in an adoption proceeding. The Court said:

"Appellant relies on Article I, Section 15, of the Bill of Rights to the Texas Constitution, which provides 'the right of trial by jury shall remain inviolate', and he cites Article V, Section 10, Texas Constitution, providing: 'In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; * * *' There are a number of proceedings in the district courts in which a jury may be denied, and adoption is one of them. The most often cited case is Hickman v. Smith, Tex.Civ.App., 238 S.W.2d 838 (1951), as to which the Supreme Court refused writ of error. Basis of the court's holding is that the right of trial by jury as guaranteed by the Constitution of Texas is limited to the right as it existed at Common Law or as provided by statutes in effect when our Constitu-

tion was adopted in 1876. The Court noted that adoption was unknown to the common law and that the adoption statute in effect in 1876 had no provision for a jury trial. The court then held that, since Article 46a 'validly and plainly makes it the duty of the trial court or judge, as distinguished from a jury, to grant or deny a petition for adoption as in his discretion the facts and welfare of the child require', the trial court did not err in denying a trial by jury. Cited as authority for its holding are Oldfield v. Campbell, Tex.Civ.App., 191 S.W.2d 897 (n.w.h.); Davis v. Collins, 147 Tex. 418, 216 S.W.2d 807. Later cases adhere to the same ruling, the latest being Fearrington v. Wright, Tex.Civ.App., 410 S. W.2d 855 (wr. ref. n.r.e.). Of equal dignity to the provision for trial by jury is the provision of the Texas Constitution, Article V, Section 8, that the district court shall have original jurisdiction and general control over minors 'under such regulations as may be prescribed by law'. The Legislature, by Article 4639a, V.A.T.S., has provided for jury trial in child custody cases, but no such provision has been made for adoption proceedings."

We hold that the denial of a jury trial was not error and appellant's first three points of error are overruled.

■ Appellant's points four and five state that there was no evidence or the evidence was factually insufficient to support the trial court's finding that he failed to contribute to the support of his child for a period of two years commensurate with his financial ability. It is uncontroverted that no support payments were made, either directly or into the registry of the court, from December 1968 until January 1971. The record contains evidence that during this period appellant received income from his father's estate and also received some rent income. There is no showing that he was ill or disabled. We hold that the record contains some evidence of probative

force to support the trial court's finding that appellant failed to contribute to the support of his child for a period of two years commensurate with his financial ability. Also, we have carefully considered the entire record and hold that the evidence was not factually insufficient to support the trial court's finding.

◼ In his sixth point appellant says the trial court abused its discretion in finding that it was in the best interest and welfare of the child to grant the adoption. The investigator's report contains information in support of the finding. This report is to be considered by the trial court. Hickman v. Smith, 238 S.W.2d 838 (Tex. Civ.App., 1951, writ ref.). We cannot say that the trial court abused its discretion. We overrule appellant's sixth point of error.

◼ In the seventh point appellant contends the trial court lacked jurisdiction to enter the judgment granting the adoption for the reason that there was no compliance with Section 4 of Article 46a, Vernon's Ann.Tex.Civ.St. in that the Department of Public Welfare was not notified of the change of time for the hearing. In 1969, the Legislature amended Section 4 of Article 46a by adding the following provision:

> "On or before the date set for hearing, the court may, for good cause shown, change the time of the hearing to any day after the day on which the report of the investigation is presented to the court, not to exceed sixty (60) days, and to a day not less than five (5) days after the State Department of Public Welfare is notified, in the manner provided in Section 1b, that the day of the hearing has been changed."

Section 1b of the act provides for mailing a certified copy of the petition to the Director of Public Welfare by the district clerk who shall note on the docket the date of mailing.

The record reflects that the petition was filed on January 19, 1971, and the hearing was set for March 11, 1971. Petitioner filed a motion for continuance on March 5, 1971, because appellant was not served until February 22, 1971. The hearing was then continued until March 24, 1971. On that date appellant filed a motion for continuance, which was granted and the cause was continued until April 2, 1971. The hearing was held on April 7, 1971. The State Department of Public Welfare was not notified that the time for the hearing had been changed.

We find no cases interpreting the 1969 amendment. However, we think it is abundantly clear that the language contained in the amendment is directory only. The Court in Smith v. Curtis, 223 S.W.2d 712 (Tex.Civ.App. 1949, no writ hist.) was confronted with a similar problem. There the clerk failed to comply with all of the directives of Section 4. The clerk failed to note the date in the clerk's docket of mailing of the certified copy to the Executive Director of the Department of Public Welfare and the trial court did not hear the petition on the date fixed in its order. There as here, it was argued that the trial court did not have jurisdiction to grant the adoption. The Court said:

> "It will be noted that the sections of the adoption statute which are material to a passing upon the questions here, merely order that certain formalities be observed by the judge and clerk; but there are other sections in the statute which set out that the adoption cannot be consummated unless complied with. . . .
>
> In considering legislative intent, we have concluded that the matters here complained of do not affect the jurisdiction of the court, or its right to proceed with the trial of the case, but are directory only, since the Legislature specifically set out those matters which should be present before a judgment of adoption could be rendered. Having provided

specifically the things necessary before a judgment could be entered, the legislature, by implication, excluded as mandatory the procedural matters involved here."

We have considered all of appellant's points of error and all are overruled. The judgment of the trial court is affirmed.

WALTER, J., not participating.