Daniel P. REMLING et al, Appellants,

v.

Oliver Douglas GREEN et ux, Appellees.

No. 17672.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 18, 1980.

Denson & Swain, Howard J. Stern, Houston, for appellants.

Caldwell & Hurst, Steve Underwood, Houston, for appellees.

### Opinion on Remand

PEDEN, Justice.

In our opinion dated May 1, 1980, and published at 601 S.W.2d 84, we reversed the judgment of the trial court and remanded the cause for new trial. On appeal to the Supreme Court of Texas, our judgment has been reversed and this cause remanded to us for a determination of the points which we did not rule upon. *Green, et ux v. Remling, et al.*, 608 S.W.2d 905 (Tex.1980).

The points of error which we now consider are appellants' points three, five, six, and seven.

In their third point of error appellants contend that the trial court erred in granting the adoption petition because it failed to comply with Section 16.031(b) of the Family Code, which provides as follows:

> (b) The court shall set the date for the hearing on the adoption at a time not later than 60 days, nor earlier than 40 days, after the date on which the [social study] investigator is appointed. For good cause shown, the court may set the hearing at any time that provides adequate time for filing the report of the study.

■ The investigator in this case was appointed on May 11, well over sixty days before the hearing on September 5. There is nothing in the record to indicate that the court found or showed good cause for holding the hearing more than sixty days after May 11. Nevertheless, in cases such as this one, where no substantive right or benefit is impaired, mere failure to comply with technical procedural requirements is not reversible error. See *In re Jones,* 475 S.W.2d 817, 819 (Tex.Civ.App.1972, writ ref. n. r. e.); *Smith v. Curtis,* 223 S.W.2d 712, 714–715 (Tex.Civ.App.1949, no writ). The only harm which appellants allege has befallen them as a result of the non-compliance is that they "were subjected to the strong possibility that the information contained in the report was outdated." However, as the report was dated on the day before the hearing was held, we do not find this argument convincing. In any event, appellants raised no objection to the delay at the time of trial and cannot raise the point for the first time on appeal. *State of California Department of Mental Hygiene v. Bank of the Southwest National Association,* 163 Tex. 314, 354 S.W.2d 576 (1962).

Point of error three is overruled.

■ In their points of error five, six, and seven appellants complain that the trial court erred in finding that the adoption was in the best interest of the children because there is no evidence or, alternatively, insufficient evidence to support that finding and because that finding is against the great weight and preponderance of the evidence. We do not agree. These points are overruled.

The judgment of the trial court is affirmed.

EVANS and WARREN, JJ., participated.