**HIGHLAND PARK, INC., Appellant,**

v.

**Ruth PARKER, Appellee.**

**No. 4926.**

Court of Civil Appeals of Texas, Eastland.

Dec. 30, 1976.

Rehearing Denied Jan. 20, 1977.

John H. McBryde, McBryde, Bogle & Green, Fort Worth, for appellant.

C. Coit Mock, Fort Worth, for appellee.

**RALEIGH BROWN, Justice.**

This personal injury case involves the duty of an occupier of premises to an invitee. Ruth Parker sought damages for personal injuries sustained when she fell while descending a flight of stairs on premises owned by Highland Park, Inc. After a jury trial, judgment awarding $17,123 to Mrs. Parker was entered. Highland Park appeals. We reverse and render.

Appellant operated an apartment complex. The lighting for the stairways and general lighting around the complex was controlled by a mechanical timer which would turn on and off the lighting at a pre-set time.

On the afternoon of the fall, Mrs. Parker arrived at the apartment complex while it was still daylight and went upstairs to her host's apartment. After dinner when her host and hostess started to go down the regularly used stairs to take Mrs. Parker home, they discovered that the stairway was dark because the lights had not come on. Mrs. Parker's hostess was asked:

"Q Would you describe the condition of darkness or of light or lack of light that you were confronted with when you came out that kitchen door?

A Well, just as dark as dark can be."

"Q Okay. Do you have any idea, based on what you saw at the time or what you've since seen or on what you've heard as to what caused Mrs. Parker to fall?

A The darkness.

Q Do you know of anything else or have any idea about anything else that could have contributed to cause her to fall?

A Not that I know of. It was just dark. I would never go down stairs in darkness like that."

"Q Had you ever gone down that stairway before in the darkness?

A No, sir, and I never would have."

Her host testified:

"Q And then you walked out in the hallway and that's when you perceived that the lights were not on?

A We perceived that the minute whoever opened the door first. If I was in position in the kitchen I saw they were off. I mean the fact it was dark would not be concealed from anybody if you opened the door."

Q What was the condition of the lightness or darkness at the time this happened?

A At the time Mrs. Parker fell?

Q Yes.

A It was—Well, outside it was pitch-dark, I know, because at the time she fell I had gone to hold the door open in case it wasn't pitch-dark and we would have some light. It was also pitch-dark in the stairwell. No light in the stairwell was burning."

Mrs. Parker testified:

"Q And was the stairway dark?

A Yes, it was.

Q Will you describe the darkness for us, please, ma'm?

A Well, it was just very dark. I don't know how to describe it outside of that."

Prior to attempting to descend the stairway, Mrs. Parker waited at the head of the stairs while her host went down the stairs and opened the door into the courtyard in an attempt to get additional lighting from the outside and her hostess went back into the apartment for a flashlight. With the aid of the flashlight, the two ladies descended to the first landing of the stairway. This landing was flat and made an approximate ninety degree turn to the right. The first portion of the landing was separated from the second portion by one step of approximately ten inches in height. The second portion was also flat and lined up with the bottom half of the stairway. The flashlight held by Mrs. Parker's hostess did not completely illuminate the area around the turn made in the stairway because of intervening posts which supported a hand railing. Mrs. Parker fell as she stepped from the first portion to the second portion of the landing.

The jury found (1) that the stairs were not properly lighted; (2) which caused them to become unusually dangerous; (3) that Highland Park's failure to properly light was negligence; and (4) that such failure was a proximate cause of Mrs. Parker's injury. The jury absolved Mrs. Parker of negligence in undertaking to descend the stairs and in the manner in which she descended the stairs. The jury did find that Mrs. Parker received a warning to be careful, or words to that effect as she pro-

ceeded or before she proceeded down the stairs and before she fell.

Highland Park moved the court to render judgment non obstante veredicto because the evidence proved conclusively and as a matter of law (1) that the condition of the stairs was so open and obvious that Ruth Parker was charged in law with knowledge and appreciation of whatever danger existed in descending the stairs; (2) that Ruth Parker knew and appreciated whatever danger existed; and (3) that Ruth Parker was warned to be careful as or before she proceeded down the stairs.

█ Since Highland Park has not filed a motion for new trial, this court is confined in its review to determine whether the trial court erroneously denied the motion for judgment non obstante veredicto. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960). Rule 301, T.R.C.P., provides that a motion for judgment non obstante veredicto may be rendered by the court if a directed verdict would have been proper.

Appellant argues the condition of the stairway was so open and obvious that anyone would have known and appreciated the inherent dangers of descending it, thus appellant owed appellee no duty with respect to the darkened condition of the stairway.

The court in *Abalos v. Oil Development Company of Texas*, Tex., 544 S.W.2d 627 (1976) said:

"As this court said in *Coleman v. Hudson Gas and Oil Corporation*, 455 S.W.2d 701 (Tex.1970), any plaintiff must prove the existence and violation of a legal duty owed to him by the defendant to establish tort liability . . . ."

The court in *Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452 (Tex.1972), explained the burden an injured plaintiff must meet in order to impose a duty on a defendant in this type of case:

"We have set forth in the margin some, but not all, of the basic issues for a conventional occupier-invitee case. Under such issues, it would be Mrs. Sharpe's burden at trial to prove the existence and violation of a legal duty owed to her by

Adam Dante. *Coleman v. Hudson Gas and Oil Corp.*, 455 S.W.2d 701 (Tex.1970). That includes her burden to prove that she did not possess actual knowledge of the danger, that she did not fully appreciate the nature and extent of the danger, and that the danger complained of was not so open and obvious as to charge her, as a matter of law, with such knowledge and appreciation . . . ."

In *George v. City of Fort Worth*, 434 S.W.2d 903 (Tex.Civ.App. Fort Worth 1968, writ ref. n.r.e.), a case factually similar to the instant case, the plaintiff sought to recover damages for personal injuries sustained when she fell down the steps at Will Rogers Coliseum. The court, affirming a summary judgment for defendant, said:

"Further reason for affirmance is found in *Murphy v. City of Beaumont*, 420 S.W.2d 459 (Tex.Civ.App., 1967, ref., n.r.e.), a case remarkably similar factually to the instant case, and *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368 (Tex.Sup.1963), wherein the court held: ' * * * if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them "no duty" to warn or to protect the invitees. This is so, the cases say, because there is "no duty" to warn a person of things he already knows, or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof.'

That the stairway was not lighted was a fact 'so open and obvious' to plaintiff that we hold she was charged as a matter of law with knowledge and appreciation of the danger of 'beating' the crowd by entering and descending the unlighted stairway. *McKee, General Contractor, Inc., v. Patterson*, 153 Tex. 517, 271 S.W.2d 391 (1954); *Delhi-Taylor Oil Corp. v. Henry*, 416 S.W.2d 390 (Tex.Sup.1967); *Lowe Chemical Co. v. Greenwood*, 433 S.W.2d 695 (Tex.Sup.1968); *Wesson v. Gillespie*, 382 S.W.2d 921 (Tex.Sup.1964)."

See also: *Murphy v. City of Beaumont,* 420 S.W.2d 459 (Tex.Civ.App.—Beaumont 1967, writ ref. n.r.e.).

 We hold the condition was so open and obvious as to charge Mrs. Parker, as a matter of law, with knowledge and appreciation of the danger of descending the darkened stairs. She therefore failed to discharge her burden of proving the existence and violation of a legal duty owed to her by Highland Park.

 Justice Pope in a concurring opinion in *Abalos,* stated the "no duty" concept either had been or should be abolished. We conclude, however, from the majority opinion by Chief Justice Greenhill, and our examination of other recent opinions by our Supreme Court, "no duty" as opposed to "volenti" in occupier-invitee cases has not been abolished as of this date. As an intermediate appellate court, we must follow what we believe the present law to be as announced by our Supreme Court. We, therefore, disagree with the contention of Mrs. Parker that the "no duty" concept has been abolished in occupier-invitee cases and must hold accordingly.

It is unnecessary to consider the other points of error presented. The judgment is reversed and rendered that plaintiff take nothing.

WALTER, Justice (dissenting).

I respectfully dissent.

The majority opinion has sustained Highland Park's point that:

"The evidence proved conclusively and as a matter of law that the condition of the stairs was so open and obvious that Ruth Parker was charged in law with knowledge and appreciation of whatever danger existed in descending the stairs on the occasion in question."

It is difficult for me to comprehend how "the condition of the stairs" could be found as a matter of law to be open and obvious at a time when the evidence shows Mrs. Parker was having difficulty seeing them.

In *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975), the court said:

"We do not agree. Whether a condition constitutes a danger is a function of reasonableness. That is, if the ordinarily prudent man could foresee that harm was a likely result of a condition, then it is a danger, 2 F. Harper & F. James, The Law of Torts § 27.1 at 1431 (1956); W. Prosser, The Law of Torts § 61, at 385 (4th ed. 1971) . . . ."

In my opinion, the record does not warrant the holding that Mrs. Parker was charged with knowledge and appreciation of the danger as a matter of law.

The majority opinion notes that Highland Park did not file a motion for new trial. In its motion for judgment, Highland Park contended judgment should be rendered in its favor because of the finding of the jury that Ruth Parker had been warned to be careful.

No notice or warning was given by appellant. There is evidence in the record that Mrs. Massey said: "Ruth, be careful."

In *Wichita Falls & Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79 (1940), the court said:

"The terms 'ultimate issues,' 'ultimate facts,' 'essential facts,' 'essential issues,' and 'controlling issues' are frequently used synonymously. An ultimate fact is one essential to the right of action or matter of defense. If an ultimate fact is involved in a case, which is essential to the claim or defense, and is necessary to form the basis of a judgment, it is the duty of the court to submit such issue for determination by the jury. On the other hand, it is not necessary to submit a special issue where it does not call for the determination of some ultimate fact necessary to form the basis of a judgment, as where it relates to subordinate facts to be considered in determining ultimate facts, and necessarily embraced in the determination of the ultimate fact issue. In other words, only controlling issues should be submitted."

The appellant is not entitled to judgment on this finding of an evidentiary matter which does not constitute an ultimate issue.

In my opinion, the judgment of the trial court should be affirmed.