Elizabeth DOBBINS, Appellant,

v.

UNITED SUPER MARKETS, Appellee.

No. 8812.

Court of Civil Appeals of Texas, Amarillo.

Sept. 19, 1977.

Rehearing Denied Oct. 17, 1977.

Brown & Brown, Phillip S. Brown, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellee.

REYNOLDS, Justice.

In this venue phase of a negligence action, defendant's plea of privilege was sustained when the trial court determined that plaintiff failed to prove the existence of a duty on the part of defendant concerning a premise condition which was open and obvious to plaintiff. By this appeal, plaintiff contends that she met her burden of proof because the enactment of the comparative negligence statute abolished the "no duty" concept of assumed risk, but, if not, she did not have the burden to negate "no duty" for venue purposes. Defendant's counter contention is that damages should be assessed against plaintiff for taking an appeal for delay and without sufficient cause. Because of the rationale to be expressed, we overrule all contentions. Affirmed.

Plaintiff Elizabeth Dobbins' suit against defendant United Super Markets is to recover money damages for injuries she sustained when she tripped over a box she alleges was negligently maintained in an aisle of United's store in Lubbock County. Against United's plea of privilege, Dobbins interposed subdivisions 9a and 23 of Vernon's Ann.Civ.St. art. 1995, the general venue statute. After hearing evidence, the trial court sustained United's plea of privilege.

Appealing without a statement of facts, Dobbins has not challenged any of the findings of fact made at her request. The findings establish that Dobbins failed to prove that her cause of action for negligence, or a part thereof, arose in Lubbock County within the meaning of subdivisions 9a and 23 of V.A.C.S. art. 1995. Material to the determinations are findings which compel the legal conclusion that Dobbins failed to negate the "no duty" concept of assumed risk.

Absent a statement of facts, the findings respecting the venue facts must be given verity and we must presume that the evidence supports the judgment. *Hursey v. Thompson,* 141 Tex. 519, 174 S.W.2d 317, 319 (1943). Consequently, the venue decision must be affirmed unless it can be said, as Dobbins contends, that the enactment of the comparative negligence statute abolished the "no duty" concept of assumed risk, or, if not, that she did not have the burden to negate "no duty" for venue purposes.

When the comparative negligence statute, V.A.C.S. art. 2212a, was enacted to become effective 1 September 1973, the doctrine of assumed risk was firmly established in Texas case law. Assumed risk embraced two different concepts: (1) the "no duty" concept applicable to occupier-invitee situations, and (2) the *volenti non fit injuria* concept applicable on the occupier's premises and to other assumed risk situations. Greenhill, *Assumption of Risk,* 16 Baylor L.Rev. 111, 112 (1964). The *volenti* concept is an affirmative defense; but, because the occupier is under "no duty" to warn of or protect from open and obvious dangers which the invitee knows or is, as a matter of law, charged with knowledge and appreciation thereof, the plaintiff-invitee

must prove, as a part of plaintiff's case, that the occupier was under a duty to warn or protect; i. e., the plaintiff must negate "no duty" to prove a cause of action. *Halepeska v. Callihan Interests, Inc.,* 371 S.W.2d 368, 378–79 (Tex.1963).

■ The legislature is presumed to have enacted the comparative negligence statute with full knowledge of the existing condition of the law, *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125, 128 (1942); yet, there is no language in the statute addressed to the concept of assumed risk. If the legislature clearly intended to abolish the doctrine of assumed risk, it seems more reasonable that it would have specifically declared on the subject as it did in V.A.C.S. art. 6437, by which the defense of assumed risk was abolished in railroad employees comparative negligence cases. Accordingly, we hold that the statute did not abolish the "no duty" concept of assumed risk. Nevertheless, this does not end the inquiry, for the developing case law must be noticed.

Except in cases of strict liability and in which there is a knowing and express consent to the dangerous activity or condition, *volenti* was abolished as a defense in negligence cases by *Farley v. M M Cattle Company,* 529 S.W.2d 751, 758 (Tex.1975), where it was noted that the adoption of the comparative negligence statute evidenced the legislature's clear intention to apportion negligence rather than completely bar recovery, particularly by the *defense* of assumption of the risk. However, *Farley* did not speak to "no duty." *Abalos v. Oil Development Company of Texas,* 544 S.W.2d 627, 631 fn. 2 (Tex.1976). Although the contention that the "no duty" concept had been replaced by the comparative negligence test was advanced in *Abalos,* the Supreme Court did not reach the question, 544 S.W.2d at 631 fn. 2, perhaps reserving the question for cases, of which this is one, arising after the enactment of the statute. Because at this writing the "no duty" concept of assumed risk is a viable concept under Supreme Court pronouncements, we are not at liberty to say otherwise.

■ Thus, under the present state of the law, Dobbins was required at the venue hearing to prove the existence of United's duty to warn her of or protect her from the open and obvious condition. By the unchallenged findings, she has not done so.

■ By cross-points, United proposes that Dobbins has taken this appeal for delay without sufficient cause therefor and, pursuant to Rules 435 and 438, Texas Rules of Civil Procedure, she should be assessed ten per cent of the amount in dispute as damages for a frivolous appeal. We are not persuaded that the appeal is frivolous.

Whether the "no duty" concept of assumed risk is to remain a viable doctrine has not been definitely determined by the Supreme Court. As early as thirteen years ago it was written that the Supreme Court may entirely abandon assumed risk. Greenhill, *Assumption of Risk,* 16 Baylor L.Rev. 111, 112 (1964). Two years ago there was expressed the thought, previously noted, that by adopting comparative negligence, the legislature evidenced its clear intention to apportion negligence rather than completely bar recovery. *Farley v. M M Cattle Company, supra,* at 758. As late as last year, one member of the Supreme Court stated, "If no-duty was not abolished in *Adam Dante* [*Adam Dante Corporation v. Sharpe,* 483 S.W.2d 452 (Tex.1972)], I would expressly do so now." *Abalos v. Oil Development Company of Texas, supra,* at 636. The issue is involved in *Highland Park, Inc. v. Parker,* 545 S.W.2d 275 (Tex. Civ.App.—Eastland 1976, writ granted), and it may be that the Supreme Court will consider that case or the case at bar to be the proper one for the definitive decision. Given these circumstances, we cannot say that the appeal is frivolous.

The judgment is affirmed.